## THE STATE OF IOWA;

DES MOINES, JUNE TERM, A. D. 1858.

In the Fifteenth Year of the State.

---

PRESENT:

HON. GEORGE G. WRIGHT, CHIEF JUSTICE.
" WM. G. WOODWARD, ⎱ JUSTICES.
" L. D. STOCKTON, ⎰

---

## WOODWARD *v.* WHITESCARVER *et ux.*

An appeal may be taken to the supreme court, from a judgment rendered by default, or a decree *pro confesso.*

Where a judgment is taken by default, it should appear affirmatively, that there has been such service and compliance with the provisions of the law, as gives the court jurisdiction over the person of the defendant; and it is clearly irregular to take such judgment, where the record discloses the fact, that there has not been such service and compliance.

A defendant, at the time of the service of the original notice, has a right to demand a copy of the petition, and to require that it be sent to a particular person, at a given place; and it is irregular to take a decree or judgment by default, when it appears that the copy of the petition was sent to another person, at a different place.

Woodward v. Whitescarver et ux.

Where in an action to foreclose a mortgage, it appeared from the return on the original notice, that the defendants demanded a copy of the petition, and required it to be sent to J. F. S., attorney, Keosauqua, Iowa; and where, at the appearance term of the court, it was made to appear, that a copy of the petition had been sent by mail to the residence of defendants, and that defendants had failed to answer, and thereupon a decree *pro confesso* was rendered against them; *Held*, That there was no sufficient service, and the judgment was irregular.

*Appeal from the Lee District Court.*

SATURDAY, APRIL 10.

Bill in chancery, to foreclose a mortgage, and correct a mistake in the description of the land therein set out. The notice was served by the sheriff of Van Buren county, who made the following return thereon : " This notice came into my hands, July 8, 1856, and was served, same day, on F. A. Whitescarver, by reading the same to him, and giving him a copy thereof; served on Jane R. Whitescarver, August 19, 1856, by reading the same to her. Copy of petition demanded, to be sent to J. F. Smith, attorney, Keosauqua, Iowa." At the September term, 1856, the respondents having failed to plead, answer, or demur, according to the rules of court, and it appearing that a copy of the petition had been sent by mail to the residence of defendants, and the court having heard the evidence, and being fully advised in the premises, found that respondents did execute the mortgage mentioned in the petition, and that the sum of money intended to be secured thereby had not been paid. A decree was thereupon entered, purporting to correct said mistake, and ordering the sale of the land, as thus corrected, to satisfy the amount found due complainant. Respondents appeal.

*Cowen & Worthington*, for the appellants.

*Edwards & Turner*, for the appellee.

WRIGHT, C. J.—A preliminary question first demands

our attention. Appellee insists that an appeal does not lie from a judgment by default, or decree *pro confesso*, but that respondents should have pursued their remedy in the court below. Whatever may be the rule in other states, it would seem that in our courts, the question is no longer an open one. It has been the constant practice, from the organization of the territorial and state courts, to review such cases on appeal, or writ of error. And in *Doolittle* v. *Shelton*, 1 G. Greene, 271, it was expressly decided that a judgment by default might be brought to this court by writ of error, but that, in considering the same, no original matter would be acted upon.

The statute then in force, gave the supreme court jurisdiction " over all final and interlocutory orders, judgments, and decrees of the district courts." The language of the Code is : " Over all final judgments and decisions of any of the district courts, as well in cases of civil actions, properly so called, as in proceedings of a special or independent character." Jurisdiction is also given on appeals from intermediate orders, involving the merits, and materially affecting the final decision." Sections 1555, 1556.

If an appeal or writ of error was properly allowed in this class of cases, under the former statute, much more clearly may they be reviewed on appeal in this court, under the provisions of the Code above cited. *Broghill* v. *Lash*, 3 G. Greene, 357; *Harrison* v. *Kramer et al.*, 3 Iowa, 543; *Carr* v. *Kopp*, Ib., 80; *Byington* v. *Crosthwait*, 1 Ib., 148.

The case is, then, properly before us, and we, therefore, proceed to consider the positions urged by appellants to reverse this decree. And, it seems to us, that, upon one ground at least, the decree is irregular, and should be set aside. The Code provides that when the notice is served personally, the return must state whether a copy of the petition was required, and if so, to what point it was to be directed. Section 1723. What would be the proper rule, if the record stated that a copy had been sent as required, or if it was silent in this respect, we need not now deter-

mine. In this case, the return of the sheriff states, that a copy of the petition was demanded, which was to be sent to J. F. Smith, attorney, Keosauqua, Iowa, whereas the decree recites that a copy was sent by mail to the residence of the defendants. Now, this provision has, of course, a meaning, and was designed to accomplish some practical purpose. When the defendant is served, he has a right to demand a copy of the petition, and to instruct the sheriff to what point it shall be directed. These facts are to be stated by the sheriff in his return; and for what purpose? We answer, that the plaintiff may have notice, and comply with the requirements of the defendant.

The proper return was made in this case, but it was not complied with on the part of the complainant. It is true that it appeared to the court, that a copy had been sent by mail to the residence of respondents. But this was not what they required. They had a right to require that it should be sent to their attorney, at any named point, and it was irregular to take a decree or judgment by default, when it was shown to have been sent to the residence of the defendants. They did not require this. For reasons, not necessary to be known, nor material to be inquired into, they asked that it should be sent to an attorney at Keosauqua. It may be that they contemplated being, and were in fact, absent from home at the time; that they had retained Smith as their attorney, and left the defence and management of the case to him; and to say that their requirement was complied with, by sending the copy by mail to their residence, would defeat the clear purpose and object of the Code. Not only so; but, even granting that to send a copy to them would have answered the requirement to send it to their attorney, a further difficulty is, that the record shows that it was sent to their residence, and not to the point or place named in the return of the sheriff.

If the return had stated generally, that it was to be sent to their residence, then it might answer, to show, by proper proof, that it was directed to such residence. But when

it is directed to be sent to a particular point, it will not do to make it appear that it was sent to the residence of defendants. The record should show, in such a case, to what point it was sent, and it should not be left to the plaintiff to determine where the defendants' residence is, and swear or prove generally, that it was thus sent. Where a judgment is taken by default, it should appear, affirmatively, that there has been such service and compliance with the provisions of the law, as gives the court jurisdiction over the person of the defendant. And it it is clearly irregular to take such judgment, where the record discloses the fact, that there has not been such service and compliance.

Respondents also insist that the decree should be reversed, because their equity of redemption is foreclosed to a tract of land different from that contained in the mortgage, or that claimed to be the true description in the bill. As complainants, however, say that the transcript in this respect is not correct, and that no such variance appears in the decree, as entered in the court below, and for the further reason that the cause must, for the error above considered, be reversed and remanded, we forbear passing upon the second question.

Decree reversed.