PIGMAN V. DENNEY *et al.*

1. REVISION OF 1860: ERRORS CORRECTED ON MOTION. When the notice had not been served a sufficient length of time to authorize a judgment by default, at the time such a judgment was rendered; it was held that such error is not sufficient error for reversal in this court, until a motion to set aside the default and judgment has been made and overruled in the court below. Revision of 1860, § 3545.

*Appeal from Lee District Court.*

THURSDAY, DECEMBER 5.

THIS action was commenced in January, 1861. Judgment by default in February, and in March defendants appealed to this court.

*F. Semple* for the appellees.

*Rankin & Miller* for the appellee.

WRIGHT, J.—It is claimed by appellants' counsel, and admitted by appellee, that the original notice was not served upon one of the defendants the length of time required by the second sub-division of § 2815 of the Rev. 1860; and that the judgment by default was therefore erroneous. We are referred, however, to § 3645, which provides that: "A judgment or order shall not be reversed for an error which can be corrected on motion in the inferior court, until such motion has been made there and overruled,"

and counsel insist that until an effort is made to correct this erroneous judgment, by motion, in the District Court, the judgment should not be disturbed. And this position, we think, is correct.

The section quoted is clear and unambiguous in its language, and was designed to serve as it must and will, a most useful purpose. Very many of the cases appealed to this court present none other than questions of mere irregularity, mistake or omission, on the part of some ministerial officer or the court itself, which could be readily corrected in the court below on motion, without involving the cost and expense incident to a trial in this tribunal. An examination of the reported cases will show how true this is, and how often it has occurred that a party has been mulcted in a heavy bill of costs for an irregularity which the court below would at once have avoided or corrected if moved at the proper time, and that too, with little cost or delay. Thus it has happened that the sheriff's return was not in all respects as required by the statute, while the service in nine cases out of ten was in fact properly made, the defendant knowing the correctness of the claim made, failed to appear, was defaulted, and then brought the case to this court, where it was necessarily reversed and remanded, for an irregularity which the plainest dictates of justice and common sense demand should have been brought to the attention of the court below for immediate and prompt correction. This is but an illustration. Numberless instances of a similar character might be given. Now it was the intention of this section to correct this evil and prevent these wrongs. And we feel constrained to give it a liberal construction, so as to carry out fully and completely the plain and obvious letter and purpose of the statute.

The only doubt we have had in the present case, results from the fact that there was no sufficient service in time to require the defendant to answer at the time at which the

judgment by default was entered, and the inquiry arises whether defendant is in a position that he could have the error corrected in the court below; or in other words whether, if the judgment is rendered at a term when the cause should have been continued, the party can be required to apply to the tribunal below for correction. Practically, however, we can see no difficulty in giving the statute this construction. If he obtains sufficient knowledge or notice of the erroneous judgment to lead him to appeal for its correction to this court, the same information comes to him in time to enable him to make the motion in the District Court. If he can do one, he can the other. And indeed the whole spirit and tenor of chap. 141, §§ 3497, 3505, inclusive, taken in connection with the section above quoted, show most conclusively, as we think, that the error existing in the present case should be corrected by motion in the inferior tribunal, and not presented in the first instance in this court.

Affirmed.