## McKINLEY v. BETCHTEL *et al.*

1. CORRECTION OF ERROR. The Supreme Court will not review a ruling granting a default before a motion to set the same aside, has been made in and overruled by the court below, following *Pigman* v. *Denny*, *ante*.

2. APPEARANCE TERM. When the defendant in an equitable action fails to appeal at the term at which he is required to appear by the notice, the notice having been served ten days before the beginning of such term, a default for want of appearance may be entered, notwithstanding the sixty days contemplated by ? 2852 of the Revision of 1860 had not elapsed since the completion of the service.

3. SAME: APPEARANCE AND PLEADING. The defendant in an equitable action can avail himself of the sixty days contemplated by ? 2852, only by an appearance at the appearance term, when one intervenes, and an intimation that the time is desired.

McKinley v. Betchtel et al.

*Appeal from Scott District Court.*

FRIDAY, JANUARY 3, 1862.

FORECLOSURE. The service of notice was made on the 22d day of January, 1861, and was returnable to the next term of the District Court, on the first Monday of February, 1861. On the 18th of February, a decree by default was entered against the defendants, who appeal.

*Lane & Skinner* for the appellants.

*Dow & Brown* for the appellees.

BALDWIN, C. J.—It is claimed by the counsel for the appellants, that the court erred in entering a decree as by default, sixty days not having expired after the service of the original notice and before the date of such decree.

Upon the authority of *Pigman* v. *Denny, ante,* the defendants can not avail themselves of this error, because they have not first moved for the correction of the same in the court below.

It is submitted by the appellants, that notwithstanding the defendants were notified to appear and answer at a regular term of the court, yet unless sixty days intervene after such service, and before the return day thereof, the defendants were not bound to appear at such term in order to avoid a default. In other words, the question is presented, whether in a chancery proceeding there is an "appearance term" if the service is not made sixty days before the intervening term of court. There are several sections of the Revision that tend to show that it was design of the legislature to require the defendant in such proceedings to enter an appearance, at the return day or otherwise, or be liable to be defaulted. Section 2812 provides for the character of a notice in all cases, ordinary as well as equitable, and

that unless the defendants respond to such notice upon the return day a judgment may be rendered by default thereon. Section 2115 provides, that the defendant shall be held to appear at the next term after service, if served ten days before such term. Section 2852 provides, that in an equitable action the defendant shall answer before noon of the second day of the term, if the notice shall have been served sixty days before such term, and if not, then in sixty days after such completed service. Section 2856 provides, that the appearance term shall not be the trial term for equitable actions, except in cases in which notice shall have been served sixty days before such term. These different sections relating to the same subject should be so construed, if possible, as to harmonize with each other. The difficulty the appellants labor under, as we think, is in giving the proper construction to the language used in § 2852. There can be an appearance without either answer or demurrer. For these purposes, the defendants are entitled to sixty days; that is, if they appear and intimate to the court that such time is desired. Section 2840 provides for the manner of appearance, and it can be made without demurring or answering. Section 2856 makes a clear distinction between the appearance term and the trial term for equitable proceedings, and to hold that no such term was contemplated, would render this section meaningless.

Affirmed.