Robison v. Saunders, Kibben & Co.

*Appeal from Iowa District Court.*

MONDAY, APRIL 13.

*Martin & Driver* for the appellant.

*Tim. Brown* for the appellee.

---

## ROBISON v. SAUNDERS, KIBBEN & Co.

1. PRACTICE. The Supreme Court will not review a judgment against garnishees in favor of the judgment plaintiff, on an appeal by intervenors, when they have taken no exceptions to any ruling of the court, nor submitted any motion asking the court to set aside the judgment. (*Pigman* v. *Denny*, 12 Iowa, 396; *McKinley* v. *Betchiel et al.*, Id., 561; *Downing* v. *Harman*, 13 Id., 535; *Perkins* v. *Whittam et al., infra.*)

*Appeal from Henry District Court.*

MONDAY, APRIL 13.

THE facts are stated in the opinion of the court.

*Hall, Harrington & Hall* for the appellant.

*Woolson & Rankin* for the appellee.

WRIGHT, J.— Plaintiff obtained judgment against one Tiffany. Upon an execution issued thereon he garnisheed the defendants, Saunders, Kibben & Co. The garnishees answered, showing that there was a certain amount of money in their hands, deposited by and in the name of the execution defendant, P. C. Tiffany. E. C. Tiffany and others sought to intervene, and claim the sum thus deposited as theirs, and not subject to the execution. They filed petitions to this effect on the 13th of March, 1863, which, however, were not attached to the papers noted on the appearance calendar, nor was any memorandum thereof made on the judge's docket at the time of the judgment hereinafter mentioned. No leave was asked by these parties to intervene, nor does it appear that plaintiff or the garnishees had any notice of them, except the claimed constructive one arising from their filing. No answer was made to these petitions, but on the next day the court, without apparently considering or giving any attention to them, rendered judgment against the garnishees. The parties thus claiming the money, as intervenors, appeal.

Waiving the inquiry, whether appellants ever had such a standing in the court below as to entitle them to appeal and be heard in this, we remark that they should at least have done something more before asking us to review this judgment. No exceptions were taken, nor was any motion made to set aside or correct the order made, and following

what we regard the spirit and true meaning of §§ 3106, 3108, and § 3545, we hold that the record presents no question for our review. Appellants should have excepted to the ruling made, or asked its correction by proper motion in the court below. As sustaining this view, see *Perkins* v. *Whittam et al., infra; Thomas* v. *East & McBee, infra : Pigman* v. *Denney,* 12 Iowa, 396; *McKinley* v. *Betchtel,* Id., 561; *Downing* v. *Harman,* 13 Id., 525.

Affirmed.