CARLETON v. BYINGTON *et al.*

*Appeal from Johnson District Court—Monday, October* 17.

PARTIES: CASE FOLLOWED: DISCRETION OF DISTRICT COURT IN MATTERS OF PRACTICE: DEFAULT: RECORD IN FORECLOSURE CASES: OBJECTION NOT RAISED BELOW.

THE facts were stated and opinion announced by —

DILLON, J. — I. The note in suit was made payable " to Mary Jane Carleton and John M. Carleton, executors of James P. Carleton, Jr., deceased." Before suit brought, John M. Carleton indorsed his interest in the note to Mary Jane Carleton, who brought suit in her own name without making any allegations as to her representative capacity. This objection was taken by the defendant, and overruled by the court. It was one of those cases where the plaintiff might sue, at her election, either individually or representatively. It has recently so been held in this court in a similar case involving the same principle. *Oliver* v. *Townsend,* 16 Iowa, and the authorities there cited. The court did not err.

II. The other errors alleged relate to the proceedings of the court. On the first day of the return term, the defendant moved that the original note and mortgage be placed on file for inspection, and for sixty days from service to answer. This time had already elapsed, but defendant insists that he did not know it, as service was had upon his wife and not on him personally. This motion was granted, but the court, in defendant's presence ("which was assented to by silence," says the bill of exceptions), verbally modified the order in relation to placing the original note and mortgage on file, to the effect that it would be sufficient, if the note and mortgage were produced in court, so that defendant could compare them with copies on file. Before this was complied with, defendant demurred to the petition. This demurrer was overruled, and the defendant ordered to answer by the 28th of October. Before the 28th of October, viz., on the 25th of October, the originals were produced in court, and so announced, but defendant was not present, though Rush Clark, Esq., who had assisted in the argument of the demurrer to the petition, but who was not retained in the case, was present, and had his attention called to it. On the 28th, no answer being filed, default was entered during defendant's absence from the court house. On the next day defendant moved to set aside default, which was denied; moved for leave to answer, which was also refused. He, nevertheless, filed an answer, which the court struck from the files because the defendant was in default. Such is a

brief but accurate abstract of the proceedings as they appear at large, in a lengthy bill of exceptions. All of these various orders of the court were excepted to, and are now assigned for error. We have attentively considered them, but cannot see in them grounds for reversal. The District Court must have an enlarged discretion in all matters of practice. Many appellate courts, in such cases, refuse to interfere at all, no matter what the showing may be. Our rule is, to interfere only when the discretion has been clearly, manifestly, and indisputably abused. Such a case is not made. Why the defendant could not answer without the original, does not clearly appear. Besides, the same matters set up in the rejected answer, were alleged in the answer of Charles E. Byington, and were afterward tried to a jury who found for plaintiff.

III. The defendant being in default, had no right to demand a jury, and the court did not err in refusing him a jury to assess damages. Rev., § 3152; *Cook* v. *Walters*, 4 Iowa, 72; *Laeber* v. *Delahaye*, 7 Id., 478. For the same reason, it did not err in refusing to allow defendant to introduce evidence to show full payment. The statute is clear. He can only "cross-examine the witnesses against him," Rev., § 3152, and cases last cited.

IV. This action was to recover installments of interest on a note, the principal of which was not due. On the assessment, the note was the only evidence introduced. On the back were these indorsements: "Interest paid in full, to May 16th, 1860. March 16th, 1861, received $9.35. Paid $115 (in pencil). Paid $30. M. J. C." The court allowed the credit of the $9.35, and the $30, but disallowed the $115. The defendant assigns as error, the disallowance of this sum. This question is not properly presented by the record.

By the Revision, a proceeding to foreclose a mortgage, is to be tried in the District Court, and in this court, as an action *at law*. Rev., §§ 2999, 3000. If the court erred in not allowing the $115, the defendant should have moved for a new trial on that account, or at least moved to correct the judgment. Under the statute, the attention of the District Court must be *specifically* called to the error complained of, and thus, opportunity allowed to that court to correct the error at once, without the trouble, delay and expense of an appeal. Rev., § 3545; *Pigman* v. *Denney*, 12 Iowa, 396; *Robinson* v. *Sanders, Kibben & Co.*, 14 Iowa, 539; *McKinley* v. *Bechtel*, 12 Iowa, 561; *Barnes* v. *Hayick*, 15 Id., 602. This the appellant did not do. On the report of the clerk, who was ordered to assess the amount, and who reported the amount due on the note at $898.81, the record recites simply the following: "Nov. 7, 1862, defendant excepts to report, and exceptions overruled."

This did not call the attention of the court with the requisite directness to the error now complained of. *What* exceptions were made to the report, do not appear. We cannot say that the attention of the District Court was ever called to the fact that the appellant claimed to be allowed for the $115, or that he complained in that court, because it was disallowed. The appellant argues, that being in pencil, the indorsement was some evidence, and sufficient, *prima facie*, to require explanation from the plaintiff. This may be true, but the appellant has not saved the point, and under the statute (Rev., § 2999), the appellate court can "try only the legal errors of the cause, duly presented." No facts were found by the court and stated on the record as the basis of the judgment. The judgment below must be                Affirmed.

*Le Grand Byington pro se* — *Robinson & Patterson* for the appellee.