## BERRYHILL v. JACOBS *et al.*

1. **Practice:** NEW TRIAL AND APPEAL. A defendant who has been served by publication only, cannot appeal from the decree rendered upon such service before moving for a retrial of the cause in the court below, as provided by § 3160 of the Revision of 1860.

*Appeal from Johnson District Court.*

### FRIDAY, JANUARY 5.

FAIRALL and Boal had a claim of $100 for professional services, against Martha L. Jacobs, who was the legal owner of east half of lot 3, section 35, township 78. This land they attached on the 25th of November, 1863, objtained judgment, and had the same sold under execu-.

tion, which was purchased by plaintiff, at said sale, for the sum of $140.60. To defeat this claim, it is charged that the said Martha, and her husband, Jefferson W. Jacobs, fraudulently conveyed, one day before the attachment aforesaid was levied, the land in question to one Henry Jacobs, a non-resident of the State, without any consideration that was paid by the said Henry on delivery to him; that the deed was procured to be recorded by the said Jefferson W. Jacobs, &c.; that all this was done without notice to Fairall and Boal, or to the plaintiff and the sheriff, &c.

It is further charged that the said Martha was also the owner in fee of another portion of said lot three, namely, five acres of the same lying immediately east of and adjoining a tract of 4½ acres sold to Stonebarger, and extending east to the slough in said lot; that this tract was also attached and sold under execution, at the same time and under the same circumstances that the other tract was, and purchased by plaintiff; that the said Martha and her husband, to defeat and delay the collection of said claim, also fraudulently conveyed this tract, after it had been attached, as aforesaid, to one Philip Rofler, without any consideration whatever, and had the deed ante-dated back to the 17th day of November, 1863; that the said Martha was insolvent, and had no other property out of which such debt could be made. The above facts are set out in plaintiff's petition, and it is asked that said conveyances be declared void, and set aside as clouds upon the plaintiff's title.

The defendants failing to appear, judgment by default was entered for the plaintiff, agreeably to the prayer of his petition, and the defendants appeal.

*W. E. Miller* for the appellants.

*Fairall* & *Boal* for the appellee.

Lowe, J. — Two errors are assigned and pressed as reasons for reversing the judgment specified:

*First.* That the transcript does not show any legal service upon the defendants at the time of the rendition of said judgment.. Whether this objection is available to the appellants in this appeal, is not material to determine, inasmuch as, since the making of this objection, a more perfect record in the cause has been sent up under the certificate of the clerk, showing beyond any question that the service by publication had been complete and properly verified, the objection, of course, falls to the ground.

*Second.* It is claimed that the court erred in granting relief not prayed for in the bill, namely : in holding and declaring that the title to the land described in the petition should vest in the plaintiff.

1. PRAC-
TICE: new
trial and
appeal.

If this objection was a sound one, it was entirely within the competency of the appellants to have had the form of the decree modified, so as to make it harmonize with the specific relief asked for in the bill.

Section 3160 of the Revision provides, that when a judgment has been rendered against a defendant served by publication only, and who does not appear, such defendant may, at any time within two years after the rendition of the judgment, appear in court and move to have this action retried ; and upon such retrial the court is authorized to confirm, modify or set aside the former judgment.

As the defendants were brought in by publication, and a judgment taken against them by default for non-appearance, it became incumbent upon them to make the motion contemplated in the section above granted, before the right of appeal arose, because another section of the Revision, namely, 3545, declares that a judgment or order shall not be reversed, for an error which can be corrected on motion in the inferior court, until such motion has been made there and overruled.

Such a motion was not made, without which, we are not at liberty to pass upon the objection under consideration See *Pigman* v. *Denney et al.*, 12 Iowa, 396; *McKinley* v. *Bechtel et al.*, 12 Id., 561; *Downing* v. *Harmon*, 13 Id., 535. We observe in conclusion, that the above sections of the statute apply to chancery as well as law actions.

Affirmed.