## HUNT v. STEVENS AND ALVERSON.

Practice: DEFAULT: APPEAL. The action of the District Court in rendering judgment by default will not be reviewed by the Supreme Court until a motion has been made and refused in the court below to set aside the default.

*Appeal from Appanoose District Court.*

THURSDAY, JULY 2.

DEFAULT: APPEAL, ETC.— Suit against G. L. Stevens and J. A. Alverson on account for a barrel of brandy. Where sold and for what purpose is not stated in the petition. Both the defendants were personally served. Stevens appeared and filed a motion and demurrer on the first day of the term. On the second day of the term the court sustained Stevens' motion for a more specific statement and also his demurrer, but entered a default against Alverson who neither appeared nor answered.

On the third day of the term, plaintiff amended the petition as required by the motion of Stevens, stating facts as to the importation of the liquor, and that it was sold by them without knowledge on their part as to the manner in which it was to be used by the defendants; but this amendment did not change the cause of action or the amount claimed. It should be remarked that the defendants were not sued as partners.

To the amended petition Stevens again demurred, and the court sustained the demurrer, and the plaintiffs did

not amend further. On the seventh day of the term judgment was rendered on demurrer in favor of Stevens, and by default against Alverson, for the amount of the account claimed in the original notice and petition.

Alverson appeals, and assigns as error the rendering of judgment against him by default after the plaintiffs had amended their petition.

*Perry & Townsend* for Alverson.

*A. Harris* for the plaintiff.

DILLON, Ch. J. — The appellant never appeared in the District Court. He was duly served. He was in default for want of an answer. It is not denied that the default was properly entered against him on the second day. This default was never excused or set aside. It is said that plaintiff waived it by an amendment to his petition. But the defendant did not answer or ask to answer the amended petition. He made no appearance in the District Court, made no motion to set aside the default, and took no exception to any ruling or decision of the court. It was his duty to have done so before appealing, in order to have given to the District Court an opportunity to correct the error into which appellant claims it has fallen. Rev. § 3545 ; *Pegman* v. *Denny*, 12 Iowa, 396 ; id. 561 ; *Robinson* v. *Sanders*, 14 id. 539 ; *Carleton* v. *Byington*, 17 id. 579 ; *Barnes* v. *Hayick*, 15 id. 602. Hence the judgment of the District Court must be affirmed without entering into the examination of the question whether an amendment of the petition has the effect to waive a prior default.

Affirmed.