## WEBSTER v. THE CEDAR RAPIDS AND ST. PAUL RAILROAD COMPANY et al.

1. Appeal: AS TO WHO APPEALS. Where the supersedeas bond, in an appeal to the Supreme Court from a judgment against two defendants, recited that one of the defendants, naming him, had appealed, without referring to the other defendant, and the notice of appeal was headed as of the plaintiff against the defendant alone who was mentioned in the supersedeas, but the body of the notice used the plural— defendants, it was *held*, that the defendant mentioned in the supersedeas and in the heading of the notice, alone appealed.

2. —— CORRECTION OF EXCESSIVE JUDGMENT: DEFECTIVE PETITION. The objection that a judgment is excessive will not be considered by the Supreme Court on appeal, until a motion has been made to correct the error in the court below, and there overruled.

3. —— So, too, of the objection that the petition, in an action where defendant made default, was so defective that it failed to show any cause of action, and that the judgment thereon was therefore erroneous.

*Appeal from Benton District Court.*

TUESDAY, JUNE 22

THE petition shows that the railroad company instituted proceedings to obtain the right of way over plaintiff's lands, that the sheriff's jury awarded damages in the sum of $300, the award being made Nov. 20, 1867. The

company appealed from this finding to the District Court, the defendant Traer being the surety in the appeal bond.   This bond, after setting forth the necessary facts, is conditioned that appellant shall pay whatever amount *is legally adjudged against it in the further progress of this case.*

The appeal was dismissed on the motion of the company and at its costs; but no judgment or order was made as to the amount of plaintiff's recovery.   Pending the appeal the company took possession of the land, constructed its road-bed thereon, but did not pay the damages so assessed.   By dismissing said appeal it is alleged that the company prevented any further proceedings in the assessment of damages.   It is then averred that the company has failed and neglected to pay the amount due for said right of way, in violation of the conditions of said bond, that there is now due to plaintiff $300, with interest from the date of the assessment, and judgment is asked in the sum of three hundred and fifty dollars, with interest.   Traer was served with notice, the company was not, and *neither* appeared to the action.   Judgment by default was entered against both (Oct. 6, 1868) in the sum of $315.75, together with the costs of the prior suit (an appeal from the assessment of damages) amounting to $22.65.

It is claimed that both defendants appeal.

*C. H. Conkling*, for the appellant.

*W. C. Connell*, for the appellee.

WRIGHT, J. — I. Who appeals ?   The point is made by

1. APPEAL: as to who appeals. appellee's counsel and we answer it by saying Traer alone.

The supersedeas bond, bearing the same date as the notice of the appeal, recites expressly that Traer alone has appealed.

The notice is headed, *Webster* v. *Traer*, making no mention of any other party. It is true the body of the notice is in the plural (defendants), but this final letter can hardly be construed as controlling the balance of the record. It is indeed the only thing seeming to indicate that the company intended to appeal.

The railroad company is not therefore before us, and we turn to the only appellant who has a right to be heard.

II. And by him it is insisted that there was error in al-

2. —— correction of excessive judgment: defective petition. lowing the $22.65, the costs in the assessment of damages, because the same was not referred to in the petition as a part of the cause of action. But the main point is that no judgment was rendered in the appeal case against appellant; that the petition does not show that any sum was adjudged against the railroad company *in the further progress of the case,* within the language and meaning of the law; that it therefore failed to show a good cause of action; that the proof must have corresponded with the case made by the petition, and the whole judgment is therefore erroneous. To both these positions appellee responds : Appellant was duly served and failed to appear, and before he can be heard here he should go before the court below and take some step to have corrected the error of which he now complains. He also maintains that the petition warranted the judgment.

To appellee's first position the appellant says, that the statute (Rev. § 3545) does not apply to such a case ; and that if it does, chapter 49, Laws of 1866, gives the right to review the case here without further or other proceedings in the court below. The statute is, that a judgment or order shall not be reversed for an error which can be corrected, on motion, in the inferior court, until such motion has been made there and overruled. Section 3545.

And this before us, it certainly requires no argument to demonstrate, that, so far as relates to the claimed excess in the judgment, the error could be corrected on motion in the court below. This indeed is one of the very cases contemplated by the statute. And all that is said in the leading case, giving a construction to this statute as to its object, policy and spirit, applies with full force here. *Pigman* v. *Denny*, 12 Iowa, 396 ; and see also *Carleton* v. *Byington*, 17 id. 579, a case quite in point ; to the same effect are the following : *McKinley* v. *Bechtel*, 12 id. 561 ; *Robison* v. *Saunders and others*, 14 id. 539 ; *Barnes* v. *Hayick*, 15 id. 602 ; *Downing* v. *Harmon*, 13 id. 535, and the cases therein cited ; also 20 id. 271 and 12 id. 511.

Advancing one step further, we see no escape from the conclusion that the same rule applies to the other part of the objection made by appellant. If the petition was defective in substance or form, so defective that it failed to show a cause of action, what more reasonable than that a motion should be made as contemplated by this statute for the correction of the error in the inferior court.

The objection made there, plaintiff could have amended his petition. And whether he could or could not so amend as to show a good cause, is not now the question before us. If it was an error it could have been there corrected. If so, then the statute is that in *that court* the party should have gone for his remedy in the first instance. Than this nothing can be plainer.

If the statute is to have any practical force it applies to just such a case.

And see *Crossen* v. *White*, 19 Iowa, 109, and cases there cited.

We are then left to inquire what effect, if any, the statute of 1866 (ch. 49, p. 43) has upon the section under consideration.

And we answer, in our opinion, none whatever. This relates to cases *tried* before the court or jury upon issues joined, and was designed, in short, to dispense with a motion for a new trial, to enable the party to have the case reviewed in the appellate court. Before this statute the practice was to make such motion; and this, by many at least, was believed to be essential to give the party a standing in the appellate tribunal.

The intention was to obviate the necessity of this; but the necessity of a motion to correct the errors, contemplated by section 3545, is in no manner removed by the new statute.

This is obvious enough from the language used and the whole purpose and scope of the enactment.

The judgment is

Affirmed.