EASON v. GESTER *et al.*

Practice: EXCEPTIONS: ACT OF 1866. While chapter 49, laws of 1866, obviates the necessity of a motion for a new trial, it does not dispense with the necessity of excepting to the decision sought to be reviewed; and a judgment will not be reviewed unless it appears that exception was taken thereto at the time of its rendition.

*Appeal from Winnesheik District Court.*

FRIDAY, JUNE 9.

ON the 2d day of July, 1870, the defendant, Gester, confessed judgment in favor of the plaintiff, Eason, for the sum of $674.45, which was entered up by the clerk of the district court in Winnesheik county, and, on the 18th day of July, 1870, execution was issued thereon, upon which John Stewart was garnished. The garnishee answered before a commissioner appointed by the court for that purpose, and, on the 15th day of October, 1870, the court rendered a judgment against the garnishee, from which he appeals.

*E. E. Cooley* for the appellant.

*G. W. Patterson* and *M. P. Hathaway* for the appellee.

MILLER, J. — The abstract in this case fails to show that the appellant took any exception or made any objection to the judgment rendered by the court on his answer as garnishee. The statute defines an exception to be an objection taken to a *decision* of a court or referee on matter of law, made in the course of a trial, and provides that the party objecting to the decision must do so *at the time the decision is made.* Rev., § 3106. And the cases are numerous in which this court has held, that, unless the party excepts to

the decision or ruling of the court at the time, such decision or ruling will not be reviewed on appeal. *Davenport Savings Fund and Loan Ass.* v. *North Am. Fire Ins. Co.*, 16 Iowa, 74; *State* v. *Ostrander*, 18 id. 435; *Young & Sargent* v. *Peet*, id. 574; and numerous other cases that could be cited.

In *Robison* v. *Saunders, Kibben & Co.*, 14 Iowa, 539, it is held that this court will not review a judgment against a garnishee in favor of the judgment plaintiff, when the appellant has taken no exceptions to any ruling of the court, nor submitted any motion asking the court to set aside the judgment, citing in support of the holding, *Pigman* v. *Denney*, 12 Iowa, 396; *McKinley* v. *Bechtel*, id. 561; *Downing* v. *Harmon*, 13 id. 535; *Perkins* v. *Whittam*, 14 id. 596; *Thomas* v. *East & McBee*, id. 596.

By the act of the general assembly of March 24, 1866 (ch. 49, laws of 1866), it is enacted that it shall not be necessary now, in order to authorize the appellate court to review and reverse on appeal, a judgment of the court below on the ground of errors of law committed by the judge thereof on the trial, that a *motion for a new trial*, on these grounds, be made in the court below. This statutory enactment, however, does not dispense with the necessity of excepting to the decision that is sought to be reviewed in this court. This rule of practice is prescribed by the statute, and has received the sanction of this court in every case where the question has arisen. It is the policy of the statute that whatever errors of law the *nisi prius* courts may commit in the decision of causes before them, unless such decisions be objected to at the time, they shall not be the subject of further litigation on appeal.

The judgment of the court below is

Affirmed.