### THE SAVINGS BANK OF DECORAH v. HORN ET AL.

**Pleading:** CORPORATION. Where the petition failed to allege that the plaintiff was a corporation and judgment was rendered against the defendant by default, it was *held* that the error, being one which would have justified the setting aside of the default upon motion therefor, would not justify a review in the Supreme Court upon an appeal from the judgment.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, JUNE 18.

ON the 24th day of December, 1874, the plaintiff filed in the Winneshiek Circuit Court, a petition as follows: "The petition of the above named plaintiff respectfully shows that heretofore, to-wit: on the 13th day of December, 1873, said defendants made unto Downing & Van Campen their promissory note for $400, with ten per cent interest, etc." On the same day a notice of suit was duly served. On the 15th day of January, being the second day of the January term, 1875, the defendants failing to appear, a judgment by default was entered against them for $443.00 and costs. On the 27th day February, 1875, the defendants served notice of appeal.

*E. E. Cooley*, for appellant.

*M. P. Hathaway*, for appellee.

DAY, J.—The error assigned and urged is that it does not appear from any allegation of the petition that the plaintiff

is a corporation, or otherwise has legal capacity or power to sue.

Conceding that the petition is defective, yet the defendants might have been relieved from the consequences of the defect by making the proper motion in the court below, and hence they ought not to be heard, for the first time, here. The defendants were properly served with notice of the action, and were either actually present in court or might have been. They were present in legal contemplation. The default might, upon their motion, have been set aside under Section 2871 of the Code. This done, the plaintiff might have amended the petition by inserting the necessary averment, and the defendants, if unwilling to admit it, might have denied it. Thus, speedy and complete justice could have been done both parties. Section 3168 of the Code provides that "a judgment or order shall not be reversed for an error which can be corrected on motion in an inferior court, until such motion has been made there, and overruled." This is a most salutary provision, and we think it is applicable to the present case. If, in fact, the plaintiff was not incorporated, or had no authority to sue, we can conceive of no reason why the defendants did not properly raise that question in the court below. The presumption is very strong that they did not do so because they knew the mistake would at once be corrected upon their suggestion that it existed. At all events as they might, without expense or delay, have had full relief in the court below, and did not ask it, they ought not to be permitted, through both expense and delay, to have it here. See *Berryhill v. Jacobs*, 19 Iowa, 346, and cases cited.

1. PLEADING: corporation.

AFFIRMED.