CYNTHIA J. BELKNAP, Appellee, v. THOMAS M. BELKNAP, Appellant.

**Judgments upon defective service:** REVIEW: APPEAL. A judgment
1 upon defective service of notice, whether by publication or otherwise, is not absolutely void but voidable only, and is not subject to collateral attack but must be reviewed in a direct proceeding for that purpose; and the question of jurisdiction because of insufficiency of service of notice may be raised by appeal from the judgment.

**Same:** DEFAULT JUDGMENTS: ATTACK BY APPEAL. A defendant in
2 default who wishes to attack the judgment because of insufficiency of the service of notice must first challenge its validity in the district court, under the provisions of Code, section 4105, before he will be heard on the question in the appellate court.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

THURSDAY, FEBRUARY 15, 1912.

THIS is an action on service of notice by publication for divorce and alimony. The lower court entered a decree in favor of plaintiff, awarding her a divorce on the ground of desertion, and providing that the title to certain property of the defendant, situated in this state and attached in the action, be awarded to plaintiff, and the title thereof quieted in her, and that defendant pay the plaintiff by way of additional alimony the sum of $1,000, for which amount special execution should issue against other real property of the defendant attached within the state. The defendant appeals.—*Dismissed.*

*Jamison, Smyth & Hann,* for appellant.

*Voris & Haas,* for appellee.

DEEMER, J.—It is the contention of appellant that the service by publication was insufficient because of defects in the published notice and in the proof of publication. The sufficiency of the notice and proofs is insisted upon for appellee, and there is a further contention in her behalf that the defendant can not raise any question as to the validity of the default decree, not having excepted to the decree nor appeared in the lower court by motion to set it aside or otherwise.

I.   The affidavit of publication was attached to the printed copy of what purports to be the original notice, and is in this language: "I, S. W. Rathbun, publisher of the

1. JUDGMENTS UPON DEFECTIVE SERVICE: review: appeal.

Marion Register, a newspaper published in Marion, Linn county, Iowa, depose and say that the notice, a true copy of which is hereto attached, was published in said newspaper for four consecutive weeks, commencing on the 23d day of July, 1909. (Signed) S. W. Rathbun." From this it will be observed that the claimed defects are not in the affidavit for publication, which is necessarily a condi-

tion precedent to the publication of any notice (*Priestman v. Priestman,* 103 Iowa, 320), but in the affidavit showing or purporting to show the service of the notice. In this respect the case is very similar, if not identical, with *Fanning v. Krapfl,* 68 Iowa, 244. In that case we said:

The objection to this proof of service is that it is not shown by the affidavit that it was made by the publisher of the newspaper, or his foreman, who are the only persons competent under the statute (Code, section 2620), to make it. The defendant alleges in his answer that said Carberry was in fact an officer of a corporation, which was the publisher of the Dubuque Times, the newspaper in which the original notice was published. This averment was also stricken out of the answer. If this ruling had been based on the grounds that the matter of the averment was redundant, it could well have been sustained; but we suppose the averment was stricken out on the theory that the affidavit was defective, and that the matters omitted could not now be shown by evidence *aliunde.* But we do not think it important to inquire as to the ground of the ruling. It is sufficient to say that the judgment can not now be set aside on the ground of the supposed insufficiency of said affidavit. The circuit court necessarily determined that it was sufficient, and in doing so it was acting within its proper jurisdiction. Under the well-settled rule in this state, the correctness of its holding can not be questioned in a collateral proceeding. *Cooper v. Sunderland,* 3 Iowa, 114; *Morrow v. Weed,* 4 Iowa, 77; *Shawhan v. Loffer,* 24 Iowa, 217; *Shea v. Quintin,* 30 Iowa, 58; *Lees v. Wetwore,* 58 Iowa, 170.

Here, as in that case, the trial court must necessarily have determined incidentally that the affidavit was sufficient under Code, section 3789; not only that, but the record affirmatively shows that the court below found the notice sufficient before granting the default. In the *Fanning* case it is held, in effect, that such defects as are here claimed do not go to the jurisdiction of the court to act at all, but to the correctness of the decision, and that, having passed on the sufficiency of the return, its judgment can

not be collaterally attacked. In other words, the defect in
the affidavit of the publisher as to service is likened to a
defect in the return of the sheriff or other person who
serves a notice personally. The purpose of this discussion
is to show that the judgment on such an affidavit is not
absolutely void and subject to attack in any court, but that
the service is defective only and subject only to direct at-
tack. It is also true that an appeal is a direct attack, and
it was held at an early date that one in default might ap-
peal to this court and raise the question of jurisdiction or
the sufficiency of the return of service. See *Woodward v.
Whitescarver,* 6 Iowa, 1. In that case we said:

A preliminary question first demands our attention.
Appellee insists that an appeal does not lie from a judg-
ment by default, or decree *pro confesso,* but that respond-
ents should have pursued their remedy in the court below.
Whatever may be the rule in other states, it would seem
that in our courts the question is no longer an open one.
It has been the constant practice, from the organization of
the territorial and state courts, to review such cases on ap-
peal or writ of error, and in *Doolittle v. Shelton,* 1 G.
Greene, 271, it was expressly decided that a judgment by
default might be brought to this court by writ of error,
but that, in considering the same, no original matter would
be acted upon.
The statute then in force gave the Supreme Court
jurisdiction 'over all final and interlocutory orders, judg-
ments, and decrees of the district courts.' The language of
the Code is, 'over all final judgments and decisions of any
of the district courts, as well in case of civil actions, prop-
erly so called, as in proceedings of a special or independ-
ent character.' 'Jurisdiction is also given in appeals from
intermediate orders, involving the merits and materially
affecting the final decision.' Sections 1555, 1556. If an
appeal or writ of error was properly allowed in this class
of cases under the former statute, much more clearly may
they be reviewed on apepal in this court under the provi-
sions of the Code above cited. *Broghill v. Lash,* 3 G.
Greene, 357; *Harrison v. Kramer et al.,* 3 Iowa, 543;

*Carr v. Kopp,* 3 Iowa, 80; *Byington v. Crosthwait,* 1 Iowa, 148.

The case is, then, properly before us, and we therefore proceed to consider the positions urged by appellants to reverse this decree. And it seems to us that upon one ground at least the decree is irregular and should be set aside. The Code provides that when the notice is served personally the return must state whether a copy of the petition was required, and, if so, to what point it was to be directed. Section 1723. . . . In this case, the return of the sheriff states that a copy of the petition was demanded, which was to be sent to J. F. Smith, attorney, Keosauqua, Iowa; whereas the decree recites that a copy was sent by mail to the residence of the defendants. . . . When the defendant is served, he has a right to demand a copy of the petition, and to instruct the sheriff to what point it shall be directed. These facts are to be stated by the sheriff in his return; and for what purpose? We answer that the plaintiff may have notice, and comply with the requirements of the defendant. . . . If the return had stated generally that it was to be sent to their residence, then it might answer to show, by proper proof, that it was directed to such residence. But when it is directed to be sent to a particular point, it will not do to make it appear that it was sent to the residence of defendants. The record must show, in such a case, to what point it was sent, and it should not be left to the plaintiff to determine where the defendants' residence is, and swear to prove generally that it was thus sent. Where a judgment is taken by default, it would appear affirmatively that there has been such service and compliance with the provisions of the law as gives the court jurisdiction over the person of the defendant. And it is clearly irregular to take such judgment where the record discloses the fact that there has not been such service and compliance.

This case was followed in *Moss v. Lot No. 7,* 8 Iowa (Cole's New Ed.), 568.

II. It is contended, however, that appellant can not raise any question on this appeal which was not raised and passed upon by the lower court, and that, as there was no exception to the judgment nor motion to set it aside,

there is no error which this court can consider. This prop-
osition is based especially upon the provision
of Code, section 4105, that "a judgment or
order shall not be reversed for an error which
can be corrected on motion in an inferior
court, until such motion has been there made and over-
ruled." Here, again, we find a seeming conflict, not only
in our own cases, but in the opinions of other courts. We
have already quoted from the opinion in the *Woodward*
case, *supra,* and have noted the fact that the question here
presented was not raised or decided in that case. In *Farm-
ers' Bank v. Mather,* 30 Iowa, 283, the appeal was from a
ruling on a motion, made by the judgment defendant, to
cancel and set aside the judgment. However, in *Moss v.
Lot No. 7,* 8 Iowa (Coles New Ed.), 568, the court, in
its opinion, gave expression to the following: "It has been
determined that a party in default may appeal to this court
without first applying to the court below to set aside the
judgment. *Woodward & Co. v. Whitescarver,* 6 Iowa, 1.
That was a case where the party to the record, and the
person apparently and actually interested in the litigation,
prosecuted the appeal. In these cases the appeals are taken,
in the one instance, in the name of the lot, and, in the
other, in the name of 'the owner' of the lot. Can this be
done? We think not, and for the reasons following." The
latter part of this quotation shows that the part of the
opinion relied upon is mere *dictum.*

In *Doolittle v. Shelton,* 1 G. Greene, 271, the court
said: "Defendant's attorney moved to quash the writ of
error, because judgment below was rendered by default.
However conclusively the case of *Colden v. Knickerbocker,*
2 Cow. (N. Y.) 36, supports this position in the Court of
Errors in New York, we can not regard it as sufficient to
reverse the established practice in this court. Under the
statute of 1844 (page 6), a writ of error extends to any
judgment rendered by the court below. The jurisdiction

*2. SAME: de-
fault judg-
ments: at-
tack by
appeal.*

of this court is extended by statute 'over all final and interlocutory orders, judgments and decrees of the district courts.' Though rendered by default, it is nevertheless a judgment, and as such may as properly come under appellate revision as any order or judgment in a contested case. It is clear, however, that no original matter—no question which does not appear by the record to have been connected with the proceeding below—can be acted upon by the Supreme Court."

In *Petty v. Durall*, 4 G. Greene, 120, the court said: "But it is claimed that, as there was no legal judgment to appeal from, this court can not entertain jurisdiction of the appeal, and that it should therefore be dismissed at the cost of the appellant. The record shows that there was a judgment, in form, entered in the district court. Although a judgment *coram non judice,* it was still a judgment—a judgment from which an appeal will lie. By the court below, it was regarded as a valid judgment. To correct this illegal adjudication, the appeal was taken. The right to appeal is by no means limited to legal judgments. The great object of an appeal is to show that the judgment is not legal, and that it should be reversed."

In this connection, it must be remembered that what is now section 4105 of the Code first appeared in the Revision of 1860, and that all of the cases so far cited upon the point now before us, save one (*Farmers' Bank* case), were decided before this statute went into effect. It is apparent from these cases that some, if not all, were writs of error under section 1960 *et seq.* of the Code of 1851, and that none of them construe section 4105, or any other statute like it.

Moreover, in *Houston v. Walcott,* 1 Iowa, 91, this court said: "It will be observed that this eighth assignment does not allege error in the rendering of a judgment, or in the amount of it, but only that it is in the alternative. We are not called upon to determine whether the

answer made justified the charging of the garnishee. True, we find in the errors assigned in this court an assignment that goes this length; but it was not included in the affidavit on which the writ of error was based. The district court has not passed upon it, and of it we can take no notice."

Again, it was held in several early cases that no question could be considered in the Supreme Court which had not been raised and passed upon by the district court. See *Lorieux v. Keller*, 5 Iowa, 196; *Delany v. Reade*, 4 Iowa, 292; *McGregor v. Armill*, 2 Iowa, 30; *Thompson v. Blanchard*, 2 Iowa, 43; *Frederick v. Mitchell*, 1 Iowa, 100. These decisions, it must be admitted, are a little aside from the mark; but they have an incidental bearing upon the mooted question now before us.

Coming now to the decisions rendered after the adoption of section 3545 of the Revision, now section 4105 of the Code, we find the following:

In *Pigman v. Denney*, 12 Iowa, 396, an action which arose in the year 1861, and which was decided in December of that year, the court said:

It is claimed by appellants' counsel, and admitted by appellee, that the original notice was not served upon one of the defendants the length of time required by the second subdivision of section 2815 of the Rev. of 1860; and that the judgment by default was therefore erroneous. We are referred, however, to section 3545, which provides that, 'A judgment or order shall not be reversed for an error which can be corrected on motion in the inferior court, until such motion has been made there and overruled,' and counsel insist that, until an effort is made to correct this erroneous judgment, by motion, in the district court, the judgment should not be disturbed. And this position, we think, is correct.

The section quoted is clear and unambiguous in its language, and was designed to serve, as it must and will, a most useful purpose. Very many of the cases appealed to this court present none other than questions of mere

irregularity, mistake, or omission on the part of some ministerial officer or the court itself, which could be readily corrected in the court below, on motion, without involving the cost and expense incident to a trial in this tribunal. An examination of the reported cases will show how true this is, and how often it has occurred that a party has been mulcted in a heavy bill of costs for an irregularity which the court below would at once have avoided or corrected if moved at the proper time, and that, too, with little cost or delay. Thus it has happened that the sheriff's return was not in all respects as required by the statute, while the service in nine cases out of ten was in fact properly made; the defendant, knowing the correctness of the claim made, failed to appear, was defaulted, and then brought the case to this court, where it was necessarily reversed and remanded for an irregularity which the plainest dictates of justice and common sense demand should have been brought to the attention of the court below for immediate and prompt correction. This is but an illustration. Numberless instances of a similar character might be given. Now, it was the intention of this section to correct this evil and prevent these wrongs. And we feel constrained to give it a liberal construction, so as to carry out fully and completely the plain and obvious letter and purpose of the statute.

The only doubt we have had in the present case results from the fact that there was no sufficient service in time to require the defendant to answer at the time at which the judgment by default was entered, and the inquiry arises whether defendant is in a position that he could have the error corrected in the court below; or, in other words, whether, if the judgment is rendered at a term when the cause should have been continued, the party can be required to apply to the tribunal below for correction. Practically, however, we can see no difficulty in giving the statute this construction. If he obtains sufficient knowledge or notice of the erroneous judgment to lead him to appeal for its correction to this court, the same information comes to him in time to enable him to make the motion in the district court. If he can do one, he can the other. And, indeed, the whole spirit and tenor of chapter 141, sections 3497, 3505, inclusive, taken in connection with the section above

quoted, show most conclusively, as we think, that the error existing in the present case should be corrected by motion in the inferior tribunal, and not presented, in the first instance, in this court (by appeal).

In *McKinley v. Betchtel,* 12 Iowa, 562, the court said: "It is claimed by the counsel for the appellants that the court erred in entering a decree as by default; sixty days not having expired after the service of the original notice and before the date of such decree. Upon the authority of *Pigman v. Denney, ante,* the defendants can not avail themselves of this error, because they have not first moved for the correction of the same in the court below."

In *Downing v. Harmon,* 13 Iowa, 535, the court said: "These actions were commenced in June, 1861. Defendant appeals and assigns for error that the judgment in each case was entered by default, when the court had no jurisdiction; the return of the officer failing to show due service. The construction given to section 3545, and the reasoning used in the cases of *Pigman v. Denney,* 12 Iowa, 396, and *McKinley v. Betchtel,* 12 Iowa, 561, compel us to affirm these cases. Appellants' remedy, if any, is by motion in the district court, and not by appeal, in the first instance, to this."

These cases have been expressly followed in *Van Vark v. Van Dam,* 14 Iowa, 232; *Bethel v. Leay,* 14 Iowa, 592; *Barnes v. Hayick,* 15 Iowa, 602; *Leonard v. Hallem,* 17 Iowa, 564; *Decatur County v. Clements,* 18 Iowa, 536; *Berryhill v. Jacobs,* 19 Iowa, 346.

(In this case the judgment and decree were clearly in excess of jurisdiction, because it granted relief not prayed for in the bill. The action was also in equity, and it was expressly held that section 3545 of the Revision was applicable to chancery proceedings.)

In *Hunt v. Stevens,* 25 Iowa, 262, the court said: "He (defendant) made no appearance in the district court, made no motion to set aside the default, and took no excep-

tion to any ruling or decision of the court. It was his duty to have done so before appealing, in order to have given to the district court an opportunity to correct the error into which appellant claims it has fallen. Rev. section 3545; *Pigman v. Denney,* 12 Iowa, 396; *McKinley v. Betchtel,* 12 Iowa, 561; *Robinson v. Saunders,* 14 Iowa, 539; *Carleton v. Byington,* 17 Iowa, 579; *Barnes v. Hayick,* 15 Iowa, 602. Hence, the judgment of the district court must be affirmed without entering into the examination of the question whether an amendment of the petition has the effect to waive prior default." See, also, *Eason v. Gester,* 31 Iowa, 475.

In *Wile v. Wright,* 32 Iowa, 451, the court said: "Lastly, it is claimed that the judgment against Mary L. Wright *in personam* is erroneous. In rendering this judgment, there is technical error. But to avail himself of it, appellant should have called the attention of the court below to its existence and moved its correction. Rev. section 3545; *Webster v. Cedar Rapids & St. Paul Railroad Co.,* 27 Iowa, 315; *Berryhill v. Jacobs,* 19 Iowa, 346; s. c., 20 Iowa, 246. It does not appear but that the case of *Lawton v. Buckingham,* 15 Iowa, 22, arose prior to the adoption of the Revision. At all events, the question must be regarded as settled by the later decisions."

In *Webster v. Railroad Co.,* 27 Iowa, 315, in speaking of the rule, the court said:

Advancing one step further, we see no escape from the conclusion that the same rule applies to the other part of the objection made by appellant. If the petition was defective in substance or form, so defective that it failed to show a cause of action, what more reasonable than that a motion should be made as contemplated by this statute for the correction of the error in the inferior court. The objection made there, plaintiff could have amended his petition. And whether he could or could not so amend as to show a good cause is not now the question before us. If it was an error, it could have been there corrected. If so,

then the statute is that in that court the party should have gone for his remedy in the first instance. Than this nothing can be plainer. If the statute is to have a practical force, it applies to just such a case. And see *Crossen v. White,* 19 Iowa, 109, and cases there cited. We are then left to inquire what effect, if any, the statute of 1866 (chapter 49, page 43), has upon the section under consideration. And we answer, in our opinion, none whatever. This relates to cases tried before the court or jury upon issues joined, and was designed, in short, to dispense with a motion for a new trial, to enable the party to have the case reviewed in the appellate court. Before this statute, the practice was to make such motion; and this, by many at least, was believed to be essential to give the party a standing in the appellate tribunal. The intention was to obviate the necessity of this; but the necessity of a motion to correct the errors, contemplated by section 3545, is in no manner removed by the new statute. This is obvious enough from the language used and the whole purpose and scope of the enactment.

The statute therein referred to is now section 4106 of the Code, upon which appellant in this case relies, and the opinion, of course, disposes of appellant's proposition.

In *Brown v. Rose,* 55 Iowa, 734, this point is elaborated, and we quote therefrom as follows:

We deem it unnecessary to determine whether the motion for a new trial was filed in time. Section 3169 of the Code provides: 'The Supreme Court may review and reverse on appeal any judgment or order of the district or circuit court, although no motion for a new trial was made in such courts.' We are satisfied that this section authorizes a review, without a motion for a new trial, of rulings made during the trial, and excepted to at the time. Appellee insists that, under section 3168, a motion for a new trial, or some motion for the correction of the error complained of, must be made in the court below, before the alleged error can be reviewed. This section is as follows: 'A judgment or order shall not be reversed for an error which can be corrected on motion in an inferior court, until such motion has been made there and overruled.' This

section, in our opinion, applies only to such errors as, without such motion, would not be called to the attention of the inferior court.

The only case of our own which seems to run counter to these views is *Schaller v. Marker,* 136 Iowa, 575; but a careful examination of the opinion filed therein will show that it is not determinative of the exact question now before us. In that case a judgment was rendered against a garnishee in an attachment proceeding whereof the court had no jurisdiction whatever, and the garnishee could not have moved to set aside the default granted against the defendant in the main suit. It was there said:

It is urged that want of jurisdiction was not raised by the garnishee until the objection is now made for the first time on appeal, and many cases are cited to the proposition that an objection, not raised nor in any way presented in the trial court, can not be considered in the appellate court; but these cases, on examination, are found to be those in which the error relied upon might have been cured by some action of the trial court, if there presented. Absolute want of jurisdiction of the court could not have been cured by any action which might have been taken. The court could not proceed in a case in which it had no jurisdiction to render any judgment which would have validity; and it is immaterial, therefore, that the objection was not urged before the judgment was rendered. It has uniformly been held in this court that want of jurisdiction may be raised at any time, and it is not waived by failure to bring it to the attention of the trial court. *Groves v. Richmond,* 53 Iowa, 570; *McLachlan v. Town of Gray,* 105 Iowa, 259.

It is manifest that this case has no bearing upon the question as to whether or not a defendant in default should present his claim of want of jurisdiction, because of defects in the service, to the trial court by motion before appealing here.

In *Groves v. Richmond,* 53 Iowa, 570, it appeared that the district court had no jurisdiction of *certiorari* proceedings. Nevertheless such an action was commenced

in that court, and an appeal by plaintiff from some interlocutory rulings made by the district court was dismissed. Clearly this ruling was correct, for the appeal was by a plaintiff from the decision of a court having no jurisdiction. We there said:

In *Keniston v. Hewitt,* 48 Iowa, 679, it was determined that the district court has no jurisdiction in *certiorari* in civil cases, and that such jurisdiction is exclusive in the circuit court. The decision in that case had not been published when this cause was determined in the court below, and jurisdiction was entertained without objection, and no objection is made in this court. We have held, in all cases where it appears that there is a want of jurisdiction in the court below, or where the ruling made is in excess of the authority or power of the court, that it is the duty of this court to recognize such want of jurisdiction, even if no objection be made.

*McLachlan v. Town of Gray,* 105 Iowa, 259, decides nothing to the contrary.

Referring again to the *Schaller-Marker* case, *supra,* it will be noticed that there is an apparent conflict between that decision and *Eason v. Gesler,* 31 Iowa, 475. In that case the judgment was affirmed, because the garnishee took no exception to the judgment and made no objection thereto. Referring to *Robison v. Saunders,* 14 Iowa, 539, the court said: "That this court will not review a judgment against a garnishee in favor of the judgment plaintiff, when the appellant has taken no exceptions to any ruling of the court, nor submitted any motion asking the court to set aside the judgment, citing in support of the holding *Pigman v. Denney,* 12 Iowa, 396; *McKinley v. Betchtel,* 12 Iowa, 561; *Downing v. Harmon,* 13 Iowa, 535; *Perkins v. Whittam,* 14 Iowa, 596; *Thomas v. East & McBee,* 14 Iowa, 596." The court also held in that case that section 4106 of the Code had no application.

To a complete review of our cases, it is only necessary to add *Pratt v. Western Stage Co.,* 27 Iowa, 363.

Section 3790 of the Code provides for setting aside defaults, and this has been held to apply to judgments void for want of jurisdiction; the only exception being that in such cases no affidavit of merits needs be filed. See *United States Co. v. Potter,* 48 Iowa, 56; *Beasley v. Cooper,* 42 Iowa, 542; *Brandt v. Wilson,* 58 Iowa, 485; *Hoitt v. Skinner,* 99 Iowa, 360; *Spencer v. Berns,* 114 Iowa, 126; *Bradley Co. v. Burrhus,* 135 Iowa, 324; *Culbertson v. Salinger,* 122 Iowa, 12.

There is every reason for requiring a defendant in default, if he wishes to challenge the validity of the judgment, to make his motion under section 4105 of the Code, instead of appealing to this court without giving the trial court an opportunity to correct its error. If without jurisdiction, we must assume that upon a proper showing the trial court would have set aside its decree, and thus have saved the trouble and expense of this appeal. We fancy that the reason why this was not done was the fear that by so doing the court might obtain jurisdiction of the person of the defendant. But, however this may be, it was nothing more than fair that the trial court should have been given an opportunity to correct its error before appeal here. Of course, if the judgment were absolutely void for want of jurisdiction, the defendant had the right to attack it any time, either by direct or collateral proceedings; but he should not be allowed to attack it by appeal for defects in service without giving the trial court an opportunity to pass upon the question and to correct its error.

The only excuse for this long opinion is the state of the authorities upon the different propositions involved and the desire, if possible, to announce rules which will harmonize the different cases and be a guide to future practice.

As the defendant did not appear in the district court and file his motion to set aside the default, there is nothing

for us to consider, save the matter of practice, and it follows that the appeal must be, and it is, *dismissed.*

SHERWIN, J., I concur in the result reached.