## BYINGTON v. CROSTHWAIT et al.

In cases where there is no appearance of the defendant, it is irregular and illegal to render judgment against him by default, in the absence of proof that a copy of the petition and original notice was mailed to defendant, at his usual place of residence, in time for his appearance, or that such residence is unknown, and could not with reasonable diligence be ascertained.

### Appeal from the Johnson District Court.

IN October, 1854, Byington filed his petition in the District Court against Pritchett and Crosthwait, to foreclose their equity of redemption to a certain parcel of real estate, purchased by him at a tax sale made in April, 1854, for the delinquent taxes of the year 1853. On the 8th of November, 1854, a notice issued to the defendants in proper form, was returned by the sheriff, with a return that defendants were not found within his county. On the same day, whether by order of the court or the clerk, does not clearly appear, it was ordered that publication be made in the "Iowa Capital Reporter," of the pendency of said petition. Afterwards, at the April term, 1855, of said court, proof of .

the publication of the necessary notice in said paper, for four weeks, was made, the last publication being made more than ten days next before the first day of said April term. Such proof being made, at that term, the defendants were called, and not appearing, but making default, judgment was rendered against them in favor of plaintiff, foreclosing their equity of redemption in and to said land. From this judgment, the defendants appeal, and assign as error the rendition of the same.

*W. Penn. Clarke*, for the appellants.

No counsel appeared for the appellee.

WRIGHT, C. J.—This judgment must be reversed. These proceedings were commenced against the owners of the land. By the law, the notice in such cases has to be the same as in cases to foreclose a mortgage, and where the owner is not known, the action may be brought against the land itself; and in such case, the service must be as in the case of a non-resident. Sections 506 and 507. By section 2083, the holder of a mortgage may proceed by civil action in the District Court, to foreclose the same. Section 1826, regulating defaults in civil actions, provides " that when service has been made by publication only, and there is no appearance, default shall not be entered, until proof has been made that a copy of the petition and notice was directed to the defendant, through the post-office, at his usual place of residence, &c., or that such residence was unknown," &c. In this·case, no such affidavit was filed or proof made, nor any attempt to do so. In the absence of such proof, it was clearly irregular and illegal to render judgment against the defendants by default. This is clear from the Code, and has been so decided by this court. See *Pinkney* v. *Pinkney*, June term, 1854.

Judgment reversed, and cause remanded.