Carr v. Kopp.

ment, if not otherwise; and Barron stands in the place of Easton, and can claim a performance of the contract. This view covers some of the points made in the argument, under the general objection, made in the demurrer, and they need not be noticed in detail.

But it is urged that Burke's agreement was upon a condition precedent, which Easton has not performed. The covenants are mutual and dependent, and neither is strictly a condition precedent. . It is true, that Easton could not claim a deed until he paid the money; but neither could Burke sue for the money, without tendering a deed. Burke might be still with safety, till Easton performed, whilst Easton must do something, in order to bring into being his right to claim a deed; but this does not make it properly a condition precedent. But, however this may be in strict correctness, the performance of the act on the part of Easton, or his assignee, was prevented by the act of God in the death of Burke; and then, as soon as an administrator is appointed, the money is tendered. According to the commonly accepted rules of law, this saves the forfeiture.

The decree is affirmed.

---

CARR <i>v.</i> KOPP.

It is irregular to render judgment by default, where the defendant is returned "not found," without proof that a copy of the petition and notice has been sent to the defendant, or an excuse shown for not so sending it, as required by section 1826 of the Code.

<i>Appeal from the Keokuk District Court.</i>

THIS was a proceeding to perfect a tax title, under section 506 of the Code. The defendant was not personally served, but the notice being returned "not found," an order was made for publication, and the cause continued. At the next

term, proof of publication was filed, but no proof was made of the sending a copy of the petition and notice to defendant, or any excuse shown for not so sending them, as required by section 1826. Judgment for plaintiff, by default, and defendant appeals.

A. H. Patterson, for the appellant.

WRIGHT, C. J.—This judgment must be reversed. It was irregular to render a judgment by default, until such proof was made. Byington v. Crosthwait et al., 1 Iowa, 148.

## HANLON v. INGRAM.

A person setting out fire on his own premises, who uses such care and diligence to prevent it from spreading, as a man of ordinary caution would employ to prevent it from injuring his own property, is not liable for the damage which it may do to the premises or property of others.

De France v. Spencer, 2 G. Greene, 462, cited and followed.

### Appeal from the Polk District Court.

THIS was an action to recover damages resulting to plaintiff, from the act of defendant in setting out fire, and permitting the same to escape, and pass on to the plaintiff's premises, and burn up a large amount of rails and other property. The defendant admits, that he did set out said fire, and that it escaped from his own premises on to those of plaintiff, but denies that it was through any carelessness or negligence on his part; and avers that he did all that was in his power to prevent said escape. On the trial, the plaintiff asked the court to instruct the jury as follows: "That if the jury are satisfied from the evidence, that the defendant set out fire upon his own land, and it passed from the defendant's land on to the plaintiff's land, and his property was burned up