ROBERTSON v. YOUNG.

1. SERVICE OF NOTICE BY PUBLICATION. Chapters 191 and 240 of the Laws of the Sixth General Assembly (1856), providing for the service of notice by publication, apply to separate and distinct classes of cases, are not inconsistent with each other, and the first was not repealed by the second.

2. SAME. Proceedings to foreclose mortgages are within the provision of subdivision 4, of section 1, chapter 240, and the service of notice by publication in such cases, should be made in accordance with the provisions of that chapter.

*Appeal from Polk District Court.*

WEDNESDAY, JANUARY 11.

*McHenrys* for the appellant.

*Casady, Crocker & Polk* for the appellee.

WRIGHT, C. J.—This was a proceeding to foreclose a mortgage. The sheriff returned the original notice "not found," and thereupon the clerk of the District Court ordered the same to be published, as required by section 2, chapter 191, laws of 1856–7. Defendant appeared specially, and moved to quash the notice and return, in substance because

the plaintiff had not proceeded as required by chapter 240, of the same laws.    The motion was sustained and it is of this ruling that plaintiff complains.

Counsel argue the question as though the first act was repealed by the second.    Such, however, is not our understanding of the two chapters.    Both may stand, and if so, it is our duty to so construe them as to avoid conflicts, there being no express repealing words.    Cases may be readily supposed, which are not embraced in the last act, and which are therefore left to be governed by the first.    Thus an ordinary action to recover upon a promissory note when no relief is asked, or where the defendant is not a foreign corporation or otherwise, as contemplated by the several subdivisions of the 1st section of chapter 240, the proceeding is to be had as required by chapter 191.    If the defendant is a non-resident, however, or comes within either of the conditions mentioned in said subdivisions, or where the relief sought as to property or otherwise, is such as therein provided for, chapter 240 is to govern.

The question then is, whether this case comes within the first or last act.    It is provided in chapter 240, that the publication shall be made as therein directed, "Where the subject of the action is real or personal property in the State, and the defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any interest or lien therein." (Section 1, 4th subdivision.)    In our opinion the present case comes within the latter, if not the first part of this clause.    It is manifestly a proceeding which may result in excluding the defendant from an interest in real property.    The prayer of the petition is to foreclose, or cut off, his equity of redemption, and being such his interest is to be affected by the relief asked.    This being the case the order of publication should have been procured in the manner pointed out in chapter 240, and there was consequently no error in sustaining defendant's motion.

Judgment affirmed.