## BRISTOW v. GUESS *et al.*

1. SERVICE BY PUBLICATION. When service of notice was made by publication in an action commenced under the Code of 1851, proof that copies of the notice and petition were sent to the defendant, at his usual place of residence, was essential to the authority of the court to render a judgment: following *Carr* v. *Kopp*, 3 Iowa 80; *Foley* v. *Connelly*, 9 Ib. 240.

2. REVISION CONSTRUED. Under ¿ 4172 of the Revision of 1860, actions commenced before the date of the taking effect of such Revision, must be conducted to final adjudication under the provisions of the Code of 1851.

*Appeal from Jefferson District Court.*

THURSDAY, DECEMBER 5.

ATTACHMENT in an action on a promissory note.

*Slagle & Atchison* for the appellants, relied upon *Foley* v. *Connelly*, 9 Iowa 240.

*Wilson & Stubbs* for the appellee.

BALDWIN, J.—Service of the original notice was made by publication. In proof thereof the plaintiff fails to make it appear that copies of the notice and petition were sent to defendants at their usual place of residence. A judgment rendered upon such proof of service, is clearly defective. See *Carr* v. *Kopp*, 3 Iowa 80 ; *Foley* v. *Connelly*, 9 Iowa 240. It is claimed, however, by the counsel for appellee that the judgment was rendered since the taking effect of the Revision of 1860, under which no such proof is required, and even if required it is an irregularity, the appellant can not take advantage of in this court, without first having made application for a new trial in the court below. See §§ 3449, 3500 and 3545, Revision of 1860. This position of appellee, however, is not tenable in this case. The action

was commenced upon the 8th day of January, 1860, and prior to the taking effect of the Revision.

Under § 4172 of the Revision, it is provided that "actions and proceedings already commenced, shall be continued in accordance with the law heretofore in force," &c. This provision applies to actions commenced prior to the taking effect of the Revision, and until finally adjudicated. See *The State of Iowa* v. *Inskeep, ante.*

Reversed.