## ABELL v. CROSS *et al.*

1. **Evidence:** ERROR WITHOUT PREJUDICE. Where the court below excluded a decree which was offered in evidence, after which the entire record in the cause, including the decree, was offered and received, it was held, that if there was error, it was without prejudice to the party complaining of the first ruling of the court.

2. Service of notice: JURISDICTION. A compliance with the requirements of § 1826 of the Code of 1851, was essential to confer jurisdiction by a publication of notice, and it should appear of record.

3. —— RECITAL IN DECREE. The record, showing a service of notice by publication, consisted of the following recital in the decree: "And it appearing further and being proven to this court, that the residence of the owner of said lands are unknown to the plaintiff, so that a copy of said original notice and petition could not be sent to or served upon them, and said defendant and said lands failing to appear," &c., &c.: *Held,* That the record was insufficient in this, that it did not show that the residence of the defendants "*could not, with reasonable diligence, be ascertained.*"

4. —— FORECLOSURE OF TAX TITLES. Proceedings for the foreclosure of a tax title were within the fourth subdivision of § 2, chapter 241 of the Laws of 1856 (Sixth General Assembly), and the order for service of notice by publication should have been made by the judge, and not by the clerk.

5. TAX SALE. *Ex parte* proceedings, to divest the owner of real estate of his title for failure to pay taxes, must conform strictly to the law authorizing them.

## *Appeal from Marshall District Court.*

### FRIDAY, OCTOBER 14.

THIS action was brought for the recovery of real property. The plaintiff claims to recover the south half of section nine (9) in township eighty-five (85), north of range eighteen (18), west of the fifth principal meridian, by virtue of a tax sale, and decree of foreclosure thereof, for taxes levied in the year 1857. The sale and tax deed were made in 1858, and the decree of foreclosure was obtained at the April term, 1859, of the Marshall County District Court. Trial by the court, and judgment for the defendant, and plaintiff appeals.

*Henderson & Boardman* for appellant.

*L. W. Griswold* for appellees.

Abell v. Cross.

COLE, J.—I. Upon the trial of the cause, the plaintiff offered in evidence the decree of foreclosure of tax title under which plaintiff claims, rendered by the District Court of Marshall county, at the April Term, 1859, in a cause entitled, "Thomas B. Abell *v.* N. E. $\frac{1}{4}$ of sections 26, 84, 19, *et als.*," then pending in said court. The defendants objected to the introduction of the decree, on the ground that the whole record, including the pleadings, &c., on which said decree was based, must be introduced with it. The court sustained the objection, and excluded the decree, and this ruling is assigned as the first error.

1. EVI-DENCE; error without prejudice.

Immediately after the court had thus excluded the decree, the plaintiff offered the same decree, together with the pleadings and papers in the cause, all which were admitted in evidence, and was all the evidence in the case whereby the plaintiff had the full benefit of the decree; so that, even if there was error in first excluding it, such error was cured by afterwards admitting it, and thus the ruling became error without prejudice, and, therefore, not available on appeal. *Gilson* v. *Johnson,* 4 Iowa, 463 ; *Latterett* v. *Cook,* 1 Iowa, 1, and authorities cited.

II. It appears from the original papers, in the tax title foreclosure case, which were, together with the decree, introduced in evidence, that the original notice in that case was placed in the hands of the sheriff on the 31st day of December, 1858, and on that day was by him returned "not found." On the same day an order was made by the clerk for service of notice by publication, for four weeks successively, in the Marietta Weekly Express, as provided by chapter 191 of the Laws of 1856–7 (6th General Assembly), page 304. The original notice was published accordingly, and the description of the land in controversy, which is S. E. $\frac{1}{4}$, sec. 9, town-

2. SERVICE OF NOTICE; jurisdiction.

ship 85, range 18, and S. W. ¼, sec. 9, township 85, range
18, was set out in said notice, as follows: "S. E. ¼, sec. 9,
township *a* 5, R. 1 *a*, and S. W. ¼, sec. 9, township *a* 5, R.
1 *a*." Preceding this description, it was stated in the ori-
ginal notice, that "in the following descriptions the letter
"*a*" will represent the figure "8." It does not appear
from the original papers in the tax title foreclosure case,
nor from the record therein (except by the recitals in the
decree), that a copy of the petition and notice was directed
to the defendant through the post-office at his usual place
of residence, or that such residence was unknown, and
could not, with reasonable diligence, be ascertained, as is
required by section 1826 of the Code of 1851, under which
the foreclosure proceedings were had; nor is it claimed, as
a matter of fact, that such affidavit was made or filed, but
the recital in the decree is relied upon as precluding inquiry
as to that fact. It has been frequently held by this court,
that a compliance with the requirements of section 1826 of
the Code of 1851 was essential to confer jurisdiction; that
it was a condition precedent, and a jurisdictional fact,
upon which, by the statute, the power of the court to act
is made to depend, and should appear of record in the
cause. *Broghill et al.* v. *Lash, executor*, 3 G. Greene, 357;
*Pinkney* v. *Pinkney*, 4 Id., 324; *Trask* v. *Key*, Id., 372;
*Lot No.* 2 v. *Swetland*, Id., 465; *Taylor* v. *Brobst*, Id., 534;
*Byington* v. *Crosthwaite et al.*, 1 Iowa, 148; *Carr* v. *Kopp*,
3 Iowa, 80; *Woodward* v. *Whiteseaver et al.*, 6 Id., 1;
*McGahen* v. *Carr*, 6 Id., 331; *Foley* v. *Connelly*, 9 Id., 240;
*Tunis* v. *Withrow*, 10 Id., 305; *Hodson* v. *Tibbitts et al.*, 16
Iowa.

In some of these cases it is not expressly stated, that such
affidavit or proof is essentially jurisdictional, but it is
uniformly held, that to enter a default without such affi-
davit was unwarranted. In others of the cases the question

arose upon direct proceedings on appeal; but in those cases the court held, not that it was error simply to render judgment by default without such affidavit, but that the court had no jurisdiction whatever over the defendant until such proof was made. In the other cases the question arose collaterally, and the court invariably held that a judgment rendered without the affidavit or proof, as required by section 1826 of the Code of 1851, was absolutely void. See also *Marshall et al.* v. *Marshall*, 2 G. Greene, 241.

The decree contains the following recital: "And it appearing further and being proved to this court, that the residence of the owner of said lands are unknown to the plaintiff, so that a copy of said original notice and petition could not be sent to or served upon them, and said defendant and said lands failing to appear and plead, &c." Without now determining what effect should be given to a recital in a decree of the compliance with the requirements of § 1826, it is clear that the recitals in the decree introduced in evidence do not show such compliance. The statute requires the affidavit to show not only that the residence is unknown to plaintiff, as in this case, but also that the same "*could not with reasonable diligence be ascertained.*" In this case there was no showing of any diligence, nor a recital even that any diligence was used. The recitals, therefore, do not aid the plaintiff, since they fail to show a compliance with the statute.

3. —— Recital in decree.

This case is, therefore, strictly within the rule laid down by this court in the case of *McGahen* v. *Carr*, *supra*, and also within the doctrine announced in the other cases cited, and the rule, *stare decisis*, compels us to hold that the decree in the foreclosure case is absolutely void and conferred no title upon plaintiff.

Again, the order for service of notice by publication was made by the clerk, as would have been proper in a

case coming within the provisions of chapter 191 of Laws of 1856, 1857, *supra*. But the proceedings for the foreclosure in the tax title case came strictly within the fourth subdivision of section two, of chapter 241, of the Laws of 1856, 1857 (Sixth General Assembly), page 400, and therefore the order for service by publication should have been made by the judge. The clerk possessed no power or authority to order the service by publication, and the publication of the notice under the order of the clerk amounted to no more than if published without any order, and could not, therefore, amount to constructive notice, even if all else were regular. The statute authorizing constructive service must be strictly pursued. See case, cited *supra*. See also *Robertson* v. *Young*, 10 Iowa, 291.

*4. —— Foreclosure of tax title.*

We are also inclined to hold that the original notice, if properly served, would amount to no sufficient notice as to those lands sought to be described by the substitution of the letter "a" for the figure "8." *Gaylord* v. *Scarf*, 6 Iowa, 179. Proceedings *ex parte* to divest the owner of the legal title to his real estate, for failure to pay a small amount of taxes, often the result of oversight, accident or mistake, are both by reason and authority required to conform strictly to the laws authorizing them.

*5. TAX SALE.*

The judgment is

Affirmed.