## LITTLE v. CHAMBERS.

Jurisdiction: SERVICE BY PUBLICATION: TAX TITLE FORECLOSURE. While, in a tax title foreclosure proceeding against the land of an unknown owner, under the Code of 1851, a failure to state, in the affidavit for publication required by section 1826 thereof, the *facts* showing diligence in endeavoring to ascertain the name and residence of the owner of the lands sold at the tax sale, would be good cause for the reversal of the judgment, on appeal, yet such failure will not render the decree void on its face when collaterally assailed.

*Appeal from General Term, Sixth District (Jasper).*

FRIDAY, OCTOBER 8.

SERVICE BY PUBLICATION UNDER CODE OF 1851; JURISDICTION, ETC. — Action by plaintiff, brought in the Circuit Court of Jasper county, to recover possession of certain real estate. Plaintiff alleged and showed a regular claim of title from the government down to him. The defendant relied upon a tax deed and foreclosure thereof. He alleges, in his answer, that the lands were sold, in June, 1858, for the taxes of 1857, to one A. A. Kellogg; that not being redeemed, Kellogg brought suit of foreclosure under the law then in force (Code, 1851, §§ 506, 507), against the lands by description, the owner being unknown; that service was made by publication, and a decree duly rendered October 15, 1859, foreclosing all equity of redemption of the former owner in the lands; that the defendant is the owner (by conveyances referred to) of the title thus acquired by Kellogg. The answer also sets up the statute of limitations, and that the defendant has made valuable improvements.

On the trial, the plaintiff showed title, tracing it from the United States to himself.

The defendant offered in evidence the treasurer's tax deed, dated June 16, 1858, and, to show a foreclosure thereof, also offered in evidence the record of a former proceeding on the part of A. A. Kellogg, in the District Court of Jasper county, to foreclose said tax deed. These proceedings consisted of an *original notice* in the case of "A. A. Kellogg v. The N. E. ¼ of," etc. (*describing the lands*) with a sheriff's return of "not found," dated June 25, 1859, he stating that he has made diligent search for the owner, who, however, was not named in the notice, and, in the petition, was alleged to be unknown to the plaintiff.

Also a *petition* making said lands defendants, and stating facts entitling the plaintiff (Kellogg) to foreclose the said tax deed.

Also an *affidavit* under chapter 240 of the Laws of 1857 (Laws of 1857, p. 400), made by Kellogg July 11, 1859, stating the nature of his action ; that " the owner of said land cannot be found, as defendant verily believes, in this State;" that the original notice has been returned by the sheriff not found, and concluding in these words, viz. : " And deponent further says that the name and place of residence of the owner of said lands above described are unknown to this deponent, nor can the name or residence of the said owner with reasonable diligence be ascertained by deponent; that deponent has made search and used reasonable diligence to ascertain the name and residence of said owner but has been unable to ascertain the same."

This affidavit being presented to the county judge, he made an order July 11, 1859, reciting " that it appears to his satisfaction by the foregoing affidavit that the owner of the land therein described cannot be found in this State, and that his residence is unknown to the party making the application, nor can the same, with reason-

able diligence, be ascertained," and directs publication of the notice for four successive weeks in *The Jasper County Free Press*.

Also an *affidavit* of the proprietor of said newspaper, that the original notice was published therein "for four consecutive weeks next preceding to, and ending, the 11th day of August, 1859;" this affidavit being sworn to September 28, 1859.

Also an *affidavit* of the plaintiff and of his attorney, dated September 28, 1859, stating "that the name and residence of the owner of said lands are unknown, and could not, with reasonable diligence, be ascertained, and that, for these reasons, no copy of the petition and notice could be sent to him through the post-office."

Also a *decree* by default in the said cause, rendered at the October Term, 1859, reciting, *inter alia*, "that it appeared, to the satisfaction of the court, that the notice in this action was duly served on the defendant, as required by law and the practice of this court;" also that it appeared, to the satisfaction of this court, that the residence of the defendant in the action and the owner of the said land are unknown to the plaintiff or his attorneys, by their affidavits on file in this action, and that, for these reasons, no copy of the notice and petition in this action have been mailed or directed to the defendant through the post-office at his usual place of business. It is therefore ordered, adjudged and decreed, etc. Here follows a decree foreclosing the owner from all right to redeem, and confirming the title to the lands in the said Kellogg. To the offer to introduce this decree, and the said papers and pleadings in the suit in which this decree was rendered, "the plaintiff herein objected, for the reason that the affidavit of the plaintiff (Kellogg), made with a view to procure an order of publication from the county judge, did not set out the facts constituting the

diligence in ascertaining the residence and name of the defendant, and did not state facts sufficient to warrant the order of publication, so as to confer jurisdiction on the court." The Circuit Court sustained this objection, and distinctly ruled that the decree was void, and conferred no title upon Kellogg, and could be admitted in evidence only for the purpose of showing *color of title* in the defendant as the assignee of Kellogg, and not for the purpose of showing title. The defendant excepted, and the plaintiff recovered in the Circuit Court.

The defendant appealed to the General Term, which *reversed* — the Circuit judge dissenting — the judgment of the Circuit Court, and remanded the cause thereto for a new trial.

From the judgment of the General Term the plaintiff appeals to the Supreme Court, and insists that the Circuit Court was right, and the General Term was wrong.

*S. Sibley* for the plaintiff.

*Lindley & Ryan* for the defendant.

DILLON, Ch. J. — We have carefully examined every case decided by this court respecting service by publication, under section 1826 of the Code of 1851, and under the act of 1857 (Laws of 1857, ch. 240, p. 400), from *Broghill* v. *Lash* (3 G. Greene, 357), to *Abell* v. *Cross* (17 Iowa, 171).

When the facts of the several cases are particularly regarded, these cases do not go so far as to hold that the decree obtained by Kellogg, and particularly referred to in the statement, is absolutely void on its face for want of jurisdiction in the court. It is admitted that compliance with section 1826 of the Code is held necessary to confer jurisdiction, and that this compliance must appear

of record. This is so well understood to be the settled construction of the statute, that it is not necessary to cite the cases upon the subject. In the case before us, every step which the law required was taken.

The case was one in which, under chapter 240 of the Laws of 1857, a publication was authorized. An affidavit was made that defendant could not be found within the State; that his name and residence were unknown, and could not, with reasonable diligence, be ascertained. This was satisfactory to the judge, and he ordered the publication. Publication was made as ordered, and duly proved by the affidavit of the proprietor of the paper.

Before the decree was taken, both the plaintiff and his attorneys filed separate affidavits that they didn't know the name or residence of the owner of the land, and had not, by reasonable diligence, been able to ascertain the same.

These were placed of record, and the District Court, in its decree, refers to these affidavits, and recites that it is satisfied with the facts therein stated as to the name and residence of the owner being unknown. It is true that, strictly, the affidavit for the publication and the affidavits under section 1826 should state the *facts*, showing what diligence had been used to ascertain the name and place of residence of the owner of the land. But when every step has been taken, and when the court was satisfied therewith and rendered a decree, does the failure to state in the affidavit the facts showing diligence — although it is stated that diligence was used — have the effect wholly to deprive the court of jurisdiction, and to render its decree void on its face?

No case heretofore decided has gone so far as to so hold.

This is not a case where no affidavits or proof, as required by section 1826, are on file or of record, and where there is no recital of a compliance with that section.

But this is a case where every step and every affidavit required by the statute was taken or made, where the court so found and rendered its decree, which remains in full force; and it is also a case where it is sought, in a collateral action, and not by direct attack, as in *McGahen* v. *Carr* (6 Iowa, 331), or by appeal, as in many other cases reported from this court, to have the decree held to be absolutely void on its face, because the affidavits failed to state the facts showing diligence.

This would be good ground for reversal on appeal; and, perhaps, under *McGahen* v. *Carr*, if due diligence was not in fact used, there might be some remedy for the owner, but it is not sufficient to render the whole proceeding void for want of jurisdiction in the court.

In this particular case, indulging a natural preference for the regular title as against a tax title, it might be very agreeable to thus hold. But such strictness, as applied to service by publication, would have the effect to unsettle and disturb many decrees and sales in the ordinary course of judicial proceedings, and would strike down, besides tax titles, many others that have been fairly acquired and long acquiesced in.

This case is distinguishable from *Abell* v. *Cross* (17 Iowa, 171), in these particulars: there the order for publication was made by the clerk without authority, while here it was made by the proper officer; in that case there were no affidavits or proof on file showing compliance with section 1826, nor any recital in the record that diligence was used; in this case the affidavits and proof are on file and recited in the decree, and the affidavits on file and the recitals in the decree based thereon *prima facie*, show that the court had jurisdiction; and we unite in the opinion that, in such a case, the mere failure of the affidavits to state what diligence was used does not make the decree wholly void on its face when collaterally assailed.

The judgment of the General Term is　　Affirmed.