BARDSLEY v. HINES *et al.*

| 33 | 157 |
| 79 | 365 |
| 33 | 157 |
| 82 | 606 |
| 33 | 157 |
| 88 | 696 |
| 33 | 157 |
| 136 | 577 |

1. Original notice: SERVICE BY PUBLICATION: JURISDICTION. Under chapter 240, acts of the sixth general assembly, the clerk of the district court possessed no power to order service of an original notice by publication, and service made under such an order conferred no jurisdiction upon the court. The order could be properly made only by the court, or by a district or county judge.

2. —— AFFIDAVIT FOR PUBLICATION. It is also essential to the validity of such service that the affidavit constituting the basis of an order of publication should appear of record.

*Appeal from Floyd District Court.*

WEDNESDAY, DECEMBER 22.

THIS was an action to quiet title to lands of which plaintiff alleged he was the owner in fee simple, and in possession, and that defendants claimed title thereto by tax deed.

The defendant answered, claiming title under a decree of foreclosure on a tax sale of the land, made in 1857, setting out a copy of the decree, the petition and the tax deed. To the answer a demurrer was interposed by plaintiff and sustained by the court. Defendant appeals.

*Starr & Patterson* for the appellant.

*Boulton & Duncan* for the appellee.

MILLER, J. — Without setting out the various grounds of demurrer, it is sufficient to remark that it attacked

1. ORIGINAL NOTICE: service by publication.

the validity of the decree of foreclosure because of the want of jurisdiction appearing on the face of the decree. The copies of the petition and decree, annexed to defendant's answer, show that the proceeding was commenced against the land as defendant, for the July term, 1859, of the Floyd district

court. The copy of the decree shows that service of notice was by publication, and that there was no appearance by any one as defendant. The decree recites that " it appearing, and being proved to this court, that the residence of the owner or owners, and persons interested in said lands, described as defendant in the title to this cause, are unknown to plaintiff, and cannot, with reasonable diligence, be ascertained; and that due and legal notice of the commencement and pendency of this cause has been given to said defendants by publishing the original notice herein for four consecutive weeks, said last publication being more than ten days before the first day of the term of this court, at which said defendants were required by said notice to appear and answer, in the St. Charles City " Republican Intelligencer," a newspaper published weekly in Floyd county, Iowa, which publication having been designated and determined by the clerk of said court after a return upon said notice of " ' not found,' had been duly made by the sheriff," etc.

These recitals show a sufficient compliance with chapter 191 of the laws of the sixth general assembly, if that act were applicable to the proceeding. In *Robertson* v. *Young*, 10 Iowa, 291, it was held that chapter 240 of the same general assembly applied to proceedings to foreclose mortgages, and that the service of notice by publication should be made according to the provisions of that chapter. So, also, in *Abell* v. *Cross*, 17 Iowa, 171, this court held that the proceedings to foreclose in a tax title case came strictly within chapter 240 of the laws of the sixth general assembly. The recitals of the decree above set out show that the order for publication of the original notice was made by the clerk, whereas, by the statute governing the case, such order could only be made by the court, a district judge or the county judge of the county where the action was brought. As was said in the opinion in *Abell* v. *Cross, supra*, "The clerk possessed no power or author-

ity to order the service by publication, and the publication of the notice under the order of the clerk amounted to no more than if published without any order, and could not, therefore, amount to constructive notice, even if all else were regular. The statute authorizing constructive service must be strictly pursued." See cases cited by Cole, J., in that case, on page 174.

II. The recitals in the decree fail to show that any affidavit was made as a basis for an order of publication, as required by the first section of the statute (chap. 240, acts of 1857). This was essential. A strict compliance with the requirements of the statute was necessary to confer jurisdiction. The service is complete only upon full compliance with the requirements of the law. Without complete service, the court has no jurisdiction and possessed no power to enter a default or decree; and these jurisdictional facts will not be presumed. They must appear of record in the cause. See § 1, ch. 240, Laws of Sixth General Assembly; *Abell* v. *Cross*, *supra*, and cases cited.

The judgment below is

Affirmed.

2. —— affidavit for publication.