## STATE OF IOWA;

### DES MOINES, JUNE TERM, A. D. 1872.

IN THE TWENTY-SEVENTH YEAR OF THE STATE.

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" CHESTER C. COLE,
" WILLIAM E. MILLER, } JUDGES.
" JAMES G. DAY.

---

### THE CITY OF DUBUQUE v. HARRISON *et al.*

1. **Corporation municipal: TAXATION: STREETS.** The revised charter of the city of Dubuque, approved January, 1857, authorized the city to levy a special tax on any lot or lots for the purpose of improving the streets and sidewalks in front thereof, and to " collect the same under such regulations as may be prescribed by ordinance." *Held:*
   1. That the provisions of the charter authorized the passage of an ordinance providing for the institution of a suit in any court having jurisdiction, to subject the property to the payment of the assessment.
   2. That the power to collect such special taxes by action under the charter and ordinance referred to, was not taken away or affected by chapter 111, Laws of 1868.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 4.

THE plaintiff and appellant in his petition avers that the city of Dubuque procured the grading, paving and macadamizing of a public street in said city, in pursuance of a contract made with one Byer, which was approved by the city, and assigned by Byer to Rebman; that out-lot No. 692 of the city is owned by the defendants, and is abutting upon the street so improved; that the city council has levied a special tax or assessment on said lot as defendant's share of the cost of said improvement, amounting to $923, which special tax list the city has assigned to Rebman in payment for the work, agreeing to collect the assessments so assigned within one year, or, failing to do so, to pay the debt to Rebman. The action is in equity against the lot for the purpose of subjecting it to the payment of the sum assessed against it for the improvement of the street on which it abuts. No judgment is prayed against the owners.

To this petition a demurrer was interposed and sustained, and judgment rendered for defendants for costs. Plaintiff appeals.

*E. McCeney* for the appellant.

*S. M. Pollock* and *H. T. McNulty* for the appellees.

MILLER, J. — I. The main question raised by the demurrer, and presented in argument is, whether, under the charter and ordinances of the city of Dubuque, and the general statutes of the State, an action in equity may be maintained against the defendant's lot to subject it to the payment of a special assessment levied thereon to pay for the improvement of the street on which the lot abuts.

The 21st section of the revised charter of the city, approved January, 1857, provides that " the city may levy a special tax on any lot or lots, or the owner thereof, for the purpose of grading, paving or macadamizing the streets abutting the same, or for the purpose of grading, paving or curbing the sidewalks, and may collect the same under such regulations as may be prescribed by ordinance."

This provision of the charter confers the power on the city to levy a special tax for specified street improvements against either the abutting lots or the owners. It also confers power to collect such assessments — whether against the lots or against the owner — under such regulations as may be prescribed by city ordinance.

An ordinance was accordingly passed, October 10, 1870, the last clause of the 10th section of which provides the manner in which assessments of this character may be collected, in these words : " Suit may be instituted in any court having jurisdiction to subject the property to the payment of such assessment."

Is this mode of collection authorized by the provision of the charter before quoted ? It has been held that a grant of power in a city charter to " levy and collect taxes " does not confer the power to provide for such collection by a sale and conveyance of the property. *Ham* v. *Miller*, 20 Iowa, 450 ; *Merriam* v. *Moody's exr's*, 25 id. 163, 172 ; *McInerney* v. *Reed*, 23 id. 410. And it has also been held that " where such is the grant, and the charter or constituent act is silent as to the mode of collection, the grant of power is not nugatory, but the city may provide for the collection of the tax by judiciary proceedings." *McInerney* v. *Reed, supra ; Merriam* v. *Moody's exr's, supra,* and cases there cited in the opinion of DILLON, Ch. J. Such was the course adopted in respect to the tax involved in this case ; the charter conferred the power to levy and direct the mode of collection. The city council, by ordi-

nance provided for the collection of the tax by judicial proceedings in the courts. The manner of collection is clearly within the power granted in the charter.

It is urged, however, by appellee, that since neither the charter nor ordinance provide that the tax shall be a *lien* on the lot, its collection cannot be enforced by action in court. We have seen that the charter confers the power on the city to levy the tax on the lot, and confers power on the city to collect the tax thus levied, under ·such regulations as may be prescribed by ordinance. The tax was levied in pursuance of competent authority, and the same authority is given to collect it by action to subject the property to the payment thereof. Whether the levy of the tax under the grant of power contained in the charter created such a charge or lien on the lot as would affect a subsequent purchaser, we need not determine, as this question is not involved. It seems clear, however, that the remedy adopted for the collection of the tax is authorized by the city charter and the ordinance passed in pursuance thereof.

II. It is further insisted by counsel for appellee, that the power to collect the special tax by action, if it ever existed under the charter, was taken away by the act of April 7, 1868, which act is as follows:

" SECTION 1. *Be it enacted by the General Assembly of the State of Iowa:* That to all the cities and towns heretofore incorporated under special acts and charters, and which do not now possess the right to sell personal or real property for the collection of delinquent taxes, including special rates and assessments, full power and authority is hereby granted to sell real and personal property for delinquent taxes, including special rates and assessments levied upon property for the improvement of streets, alleys, sidewalks, the construction of sewers, and other improvements of like nature; but no deeds heretofore given by the city authorities, where there was no legal power to sell, shall be considered as valid by any thing herein contained.

§ 2. That the city council or trustees of any incorporated city or town, coming under the provisions of this act, shall have the right to provide by ordinance for the method of conducting sales of property sold for delinquent taxes or assessments, and also to provide all other needful rules and regulations for the proper enforcement of the right herein granted. Deeds given for property sold under the provisions of this act shall have the same force and validity as those executed by county treasurers in similar cases.

The city council or trustees of any incorporated city or town, acting under special charters may if they deem best, cause to be certified up to the clerk of the board of supervisors all taxes, rates, and special assessments the same as though said city or town had been incorporated under the general incorporation law, known as chapter 51 of the Revision of 1860, and the amendments thereto; and when so certified, said taxes, rates, and special assessments shall be collected and accounted for in all respects the same as is provided by section 3, chapter 25 of the acts of the tenth general assembly."

That this act is applicable to the city of Dubuque, and conferred upon it the power to collect delinquent city taxes, including special rates and assessments levied upon property for the improvement of streets, etc., in the manner specified in the act, there can be no doubt. And that this act very materially enlarges the power previously possessed by the city under its charter, in this respect, is equally clear, but it is not so inconsistent with the provisions of the charter as that we could hold the latter to be repealed by implication. A subsequent act does not necessarily repeal a prior one on the same subject. The act of 1868 contains no repealing clause, and it and the provisions of the city charter, on the same subject, are not in conflict, and both may stand. This being so it is the duty of courts to so construe them, it being well settle

that repeals by implication are not favored. *Robertson* v. *Young*, 10 Iowa, 291; *Thatcher* v. *Haun*, 12 id. 303; *Baker & Griffith* v. *The Steamboat Milwaukee*, 14 id. 214; *Allen* v. *Pegram*, 16 id. 163; *Burke* v. *Jeffries*, 20 id. 145.

Our conclusion is, that the plaintiff's action may be maintained under the charter and ordinances of the city of Dubuque, unaffected by the act of April, 1868, and that the demurrer was improperly sustained. ·

The judgment, therefore, will be

Reversed.