RISDON v. SHANK *et al.*

1. **Municipal corporation:** COLLECTION OF ASSESSMENTS: RIGHT OF·ACTION. A person, who has, under contract with the city, constructed a sidewalk in front of a lot, after neglect of the owner to do so, may, under sections 1068, 1069 of the Revision, in his own name, maintain an action against such owner for the cost of such improvement, notwithstanding chapter 45, Laws of 1872.

2. —— Said sections of the Revision were not repealed by said chapter 45.

3. **Statute:** REPEAL BY IMPLICATION. Repeals by implication are not favored by our law.

*Appeal from Montgomery Circuit Court.*

THURSDAY, SEPTEMBER 18.

' THE plaintiff in his petition states, in substance, that the defendants are owners of certain lots in the town of Red Oak; that in pursuance of an ordinance of said town, it became the duty of the defendants to construct sidewalks in front of their said lots respectively, which they each neglected, after due notice, to do, whereupon the plaintiff, under and by virtue of a contract with said town, built and constructed the said sidewalks; and this action is brought to recover therefor. To this petition defendants demurred, which, being sustained, plaintiff appeals.

*Mayne & McPherson* for the appellant.

*W. P. Hepburn* and *C. E. Richards* for the appellees.

MILLER, J. — It is agreed by counsel in this case that but a single question is involved, and that is, whether sections 1068 and 1069 of the Revision are repealed by chapter 45 of the Laws of 1872, and it is conceded that if these sections of the Revision are in force the demurrer to plaintiff's petition was improperly sus-

1. MUNICIPAL CORPORATION: collection of assessments.

tained, but if they are not in force the judgment of the circuit court should be affirmed.

Section 1068 provides that municipal corporations may, by general by-law or ordinance, prescribe the mode in which charges on the respective lot owners, and on the lots and lands within the corporate limits shall be assessed and determined, and when thus assessed shall be payable by the owner or owners at time of assessment personally, and shall be a lien on the respective lots or parcels of land in the possession of the owner from the time of assessment; such charge may be collected and such lien enforced by a proceeding at law or in equity, either in the name of the corporation or of any *person to whom the corporation may have directed payment to be made*, and in such proceedings it shall be sufficient to declare generally for work and labor done and materials furnished on the particular street, alley or highway, etc. It also further provides in the same section for the enforcement of charges against non-resident lot owners, and in section 1069 further details of proceeding before the court trying such causes are prescribed.

This action is founded upon these provisions for work and materials of the character therein specified, done and furnished in November, 1872. The action was commenced January 9, 1873. Under the above sections of the Revision this kind of action was authorized. Was the remedy here given taken away by chapter 45 of the Laws of 1872? This latter act took effect April 17, 1872, and is entitled "*An act to authorize and regulate the improvement of streets and alleys, and repealing certain laws relating thereto.*" By this act all cities and incorporated towns, whether organized under special charters or under the general incorporation laws, are authorized and empowered to provide by ordinance for the grading and repair of streets and alleys, the construction of sewers, the construction of sidewalks, curbing, paving and macadamizing streets, alleys, etc., and to provide by ordinance for the levy of special taxes upon the lots or parcels of ground, or any part thereof fronting upon or lying along the street, avenue or alley which is to be improved or is improved under the powers con-

ferred by the act for the purpose of defraying the cost thereof. The sixth section of the act provides that " all taxes levied or assessed in conformity with the provisions of this act shall be a lien upon the real estate, shall bear the same rate of interest; the said real estate may be sold in the same manner at any regular or adjourned sale, with the same forfeitures, penalties and right of redemption, and deeds shall be made in the same manner and with like effect as it is now or may hereafter be provided in case of general taxes under the laws of this State." The next section provides that " chapter 65 of the Thirteenth General Assembly, and all other provisions of law, whether general or special, whereby any city or town is authorized to levy special tax for the improvement of streets, are hereby repealed. *Provided* that this repeal shall not be held to prevent the completion of any public improvement now ordered or in progress, shall not invalidate any contract, lien or tax now made or levied, or to be levied in pursuance of such contract, nor to prevent the collection thereof."

The repeal here provided is of a specific act of a former General Assembly, and of all other provisions of law, whether general or special, whereby any city or town

3. STATUTES: repeal by impli-cation. is *authorized to levy special taxes* for the improvement of streets. The express repeal extends no further than to repeal all provisions of the statute which *confer the power to levy taxes* for street improvements. It does not reach those provisions which had been enacted and were then in force, providing the mode of collecting such taxes, and since these provisions are not expressly repealed they will not be held to be so by implication. See *City of Dubuque* v. *Harrison*, 34 Iowa, 163 ; *Morrison* v. *Hershire*, 32 id. 271.

The sections of the Revision above referred to do not confer upon municipal corporations *the power to levy* this class of taxes. They provide only for the mode of collecting after they shall have been legally levied. The power to levy is conferred in a previous section (1064). This section of course was repealed by the act of 1872, but not sections 1068 and

1069, which relate exclusively to the *manner of collecting* such taxes. Our conclusion, therefore, is that the demurrer was improperly sustained, and the judgment must be

Reversed.