BRADLEY V. JAMISON ET AL.

1. **Jurisdiction:** SERVICE BY PUBLICATION. Under Chapter 240, Acts
of the Sixth General Assembly, an affidavit that the person to be served
could not be found within the State must have appeared of record to
confer jurisdiction upon the court for the issuance of an order of publi-
cation.

2. **——: ——:** PRESUMPTION. The fact of the issuance of an order of
publication, in the absence of a recital in the record that an affidavit was
filed, will not justify the presumption that the affidavit was made or
that the court passed upon the question of its jurisdiction.

3. **——: ——:** JUDGMENT. Jurisdiction is acquired in cases wherein
service is made by publication, only upon compliance with the terms of
the statute, and judgments therein are not valid unless the jurisdiction
is obtained in the manner pointed out.

*Appeal from Cerro Gordo District Court.*

TUESDAY, JUNE 5.

ACTION in chancery to quiet in plaintiff the title of certain
lands in Cerro Gordo county. The defendants in their answer
set up title in defendant, Cole, and pray that certain convey-
ances under which plaintiff claims title may be declared null
and the title to the land be quieted in him. Upon the final

hearing a decree was rendered dismissing plaintiff's petition, from which he appeals to this court.

*William Mills*, *William J. Knight* and *O. P. Shiras*, for appellant.

*Miller & Cleggitt*, for appellee.

BECK, J.—I. Both parties claim title under one Herman C. Green. The plaintiff's claim of title consists of a power of attorney executed by Green, authorizing a sale of the lands, a deed of trust executed in his name by the attorney in fact, to secure certain indebtedness therein specified, proceedings in an action to foreclose the deed of trust and a deed by the sheriff executed upon a decree of foreclosure rendered in such action.

The defendant's title is based upon a deed executed by Green subsequently to the execution and recording of the sheriff's deed.

Plaintiff's title depends upon the sufficiency of the foreclosure proceedings and the jurisdiction of the court rendering the decree thereon. Such jurisdiction is denied by defendants. It becomes our duty to consider the questions thus presented for our determination.

II. The action of foreclosure was had in 1858. An original notice was issued and returned "not found." At the succeeding term the following order was made in the case. "On motion of Bissells, Mills & Shiras, solicitors for complainant, this cause is continued and an order made for publication." At the next term proof of publication was filed, and an affidavit showing that a copy of the notice and petition had been sent to defendant at his place of residence in Minnesota. We understand that no objection is based upon want of compliance with the law requiring the matters set out in the proof thus made.

1. JURISDICTION: service by publication.

At the same term a default was entered against defendant in the action, and thereon a decree was rendered foreclosing the mortgage. It recites "that the original notice in this cause was duly returned 'not found,' and it further appearing

to the court that an order of publication of the same was made at the September term, 1858, of this court," and after the recitals of proof of publication and other matters, the decree proceeds in the usual form.

The statute in force at the time, Chap. 240, Acts Sixth General Assembly, providing for the service of original notices in actions of this kind by publication, contained. the following provisions:

" Section 1.   When the person on whom the service of an original notice is to be made cannot be found within the State, and the fact appears by affidavit to the satisfaction of the court, or a district judge, or of the county judge of the county where the trial is to be had, and it, in a like manner, appears that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a proper party to an action relating to real property in this state, such court or judge may grant an order that the service be made by the publication of such original notice in either of the following cases."   The section proceeds to enumerate the cases in which service in the manner prescribed may be made and continues as follows:

" The order of publication may be made without a return of not found on the process, but such return may be required if deemed necessary by the judge, and for this purpose the sheriff may be required to return the process in vacation. *     *     *     *     The affidavit upon which the order was granted, the order when granted out of term time, the affidavit of publication, and the affidavit showing a compliance with an order directing the deposit of a copy of the original notice and petition in the post-office, must be filed with the clerk of the court where the cause is pending."

III.   The defendants maintain that the court did not acquire jurisdiction in the case for the reason that the affidavit required in the section, upon which the order for publication is authorized, is not shown to have been made and filed in the case.   They contend that the order was made upon the return of "not found" on the process issued in the case.

It is not disputed by plaintiff that the affidavit required

by the statute to be presented to the court or judge, upon which an order for publication may be made, is essential to confer jurisdiction for the making of such order. We think the proposition cannot be denied. The court had, prior to the publication of the notice, no jurisdiction in the case, in the exercise of which it could make interlocutory orders. No adjudication upon any matter in the case could have been had by the court. Jurisdiction was acquired only by the publication of original notice. But preliminary judicial action was necessary under the statute before jurisdiction could have been acquired in that way. That action was an order for publication. Now the statute prescribes what is necessary to confer jurisdiction to make such an order. An affidavit making proof of certain facts was to be presented to the court, and thereon the court was clothed with authority to determine its sufficiency, and order the publication to be made. Without the affidavit the order was *coram non judice*. If the publication was made without a valid order therefor, it conferred no jurisdiction upon the court. We conclude, therefore, that the affidavit required by the statute was necessary to confer jurisdiction in the case. *Abell v. Cross*, 17 Iowa, 172; *Bardsly v. Hines*, 33 Iowa, 157.

IV. Plaintiff insists, however, that the record of the proceedings in the case shows that the court adjudged that the affidavit was filed. We have no hesitation in saying that if it appears or may fairly be inferred from the record that the question of the existence and sufficiency of a notice was before the court and determined affirmatively, and nothing showing the want of jurisdiction appears in the record, this adjudication would be sufficient to require us to hold that the court had jurisdiction. It was a question pertaining to its jurisdiction, that the court itself was competent to decide; its adjudication thereon would have the same force and effect of all other judicial decisions in the exercise of competent jurisdiction.

2. ___: ___: presumption.

But, in our opinion, the record does not show that there was an affidavit filed, or that the court passed upon the question of its existence and sufficiency. The record is simply to the

effect that an order of publication was made. From it we cannot infer that the question of the existence of an affidavit was before the court. We find no evidence in the record and no ground to infer that the court passed upon the question of its own jurisdiction to make the order. Surely, it will not be claimed that the order for publication, in the absence of recitals or words referring to the affidavits required by the statute, can be regarded as sufficient to show a compliance with the law in this respect. But if it appeared that the court decided upon the question of its jurisdiction, or that the question was before it, or that there was process and return thereof before the court, and the record failed to show affirmatively want of jurisdiction, we would presume from the exercise of authority that all questions pertaining thereto were decided rightly and the proceedings were had in the exercise of competent jurisdiction. Thus in *Shawhan v. Loffer*, 24 Iowa, 218, the court adjudged all proceedings to have been regular; and in *Shea v. Quintin*, 30 Iowa, 58, the notice itself was defective in not giving the time prescribed by law between service and return; in each of these cases it was held a presumption existed that the process and service were sufficient, based upon the fact that the court so adjudged which was shown by or inferable from the record. Many other decisions of this court could be cited similarly illustrating the rule we recognize.

It is correctly said that the rules we have announced are applicable to the proceedings of courts of inferior and limited jurisdiction, but that in the support of the judgments of courts of general and superior jurisdiction every presumption will be exercised, and as to them, when collaterally assailed, though nothing appear in the record showing the acquisition of jurisdiction, it will be presumed.

V. This brings us to inquire whether the judgment, in the case before us, is to be supported as the decision of a court of general and superior jurisdiction.

A court, while possessing general jurisdiction, may also be clothed with special powers to be exercised in proceedings not in the course of the common law. Judgments, in such cases, are to be regarded, when questions

3. ___: ___:
judgment.

of jurisdiction arise therein, as judgments of courts of inferior and limited jurisdiction. Proceedings wherein parties, not within the territorial jurisdiction of the courts, are served with process by publication, are not in accord with the course of the common law, and are only valid when authorized by statute. Though pending in courts exercising general jurisdiction, they are special, and judgments rendered therein stand on the same footing as those of courts of inferior and limited jurisdiction. *Duning v. Corwin,* 11 Wend., 648; *Sharp v. Speir,* 4 Hill, 76; *Striker v. Kelly,* 7 Hill, 11; *Thatcher et al. v. Powell et al.,* 6 Wheat., 119.

Code, § 3669, provides that proceedings of courts of limited and inferior jurisdiction shall, like those of courts of superior jurisdiction, be presumed regular except in matters required to be entered of record. An affidavit upon which the order of publication ought to have been based, was not filed as required by Chap. 240, Acts Sixth General Assembly. Such affidavit when filed constitutes a part of the record. Code, § 196. No presumption of regularity and compliance with the law as to this matter can, under § 3669, be exercised.

This court has repeatedly held that jurisdiction is acquired in cases wherever service of process is made by publication only upon compliance with the statute authorizing service in that way. See cases cited in Withrow and Stiles' Digest, 677–8. Judgments in such proceedings, when questions of jurisdiction arise thereon, can be held valid only upon jurisdiction being shown in the manner above pointed out. As we have seen, the record before us fails to show that the court rendering the decree of foreclosure, under which plaintiff claims title, acquired jurisdiction. The decree is therefore void, and the sale of the land thereon, and the sheriff's deed, transferred to plaintiff no title to the land. The court below rightly dismissed plaintiff's petition.

VI. The defendants allege in their answer that the mortgage is void, on the ground that the power of attorney, under which it was executed, authorizes the sale of the land and not the execution of a mortgage thereon. They ask that it be

declared void. No relief of this kind was granted defendants by the decree of the District Court.

The mortgage secures plaintiff and six others in various sums which the mortgagor severally owed each. The creditors so secured, other than plaintiff, are not made parties to this suit. We cannot, therefore, in the absence of these necessary parties, determine questions affecting the validity of the mortgage. The relief asked by defendants must, for this reason, be denied.

AFFIRMED.