## LEONARD v. HALLEM.

1. **Writ of error: JUSTICE'S COURT.** A writ of error does not lie to a justice's court until his attention has been called to the alleged error and he has refused to correct the same.

2. —— When the error complained of was the rendering of judgment upon an insufficient return of service of notice, it was *Held*, that a writ of error could not lie, until after a motion before the justice to set aside the judgment had been overruled.

### *Appeal from Tama District Court.*

### WEDNESDAY, DECEMBER 14.

WRIT OF ERROR TO JUSTICE WILL NOT LIE UNTIL HE HAS REFUSED TO CORRECT THE ERROR. This action was originally brought before a justice of the peace, on the 9th day of May, 1864. Notice to the defendant was issued by the justice, and duly *signed by him*, returnable on the 16th day of May, 1864. The return of service was as follows: "This notice came into my hands May 9th, 1864, and was by me served on the defendant, James H. Hallem, on the 10th day of May, 1864, at his residence, in the township of Toledo, Tama county, Iowa, by reading this notice to him personally." ["And giving him a copy of this notice, which copy was not signed with the justice's name, otherwise was exactly as this. The defendant also, at the same time, accepted service of this notice."] Chas. Herrick, Const." On the return day, the return of service was the same as the above, except the words embraced in brackets, but these were added to the return before the cause came into the District Court. On the return day, the defendant failing to appear, judgment was rendered against him by default. On the *next day*, viz., May 17th, the defendant, under § 3938 of the Revision, sued out a writ of error from the District Court to the justice, alleging that the judgment was erroneous because of the defective

service and return. The District Court reversed the judgment of the justice and remanded the cause for a new trial. From this judgment the plaintiff appeals, and this is the matter now before this court.

*Allen* and *Struble* for the appellant.

*W. H. Stivers* for the appellee.

DILLON, J.— The appellant concedes that the return of service, as it stood at the date of the judgment by default,

1. WRIT OF ERROR: justice's court.

was defective, as it did not show that any *copy* of the notice was delivered or offered to the defendant. Rev., § 2816. But he claims that the subsequent amendment cured it. This the appellee denies, for the reason that the copy which was served was not *signed* by the justice or the plaintiff, and that the defendant had a right, therefore, to presume that the original was likewise not signed. Waiving the consideration of this question, we come directly to the main one in the cause, and which, under the view we hold, is decisive of it.

This is not a case where there was *no* service of notice, in fact, or no return of service. It is a case where it may be conceded, for the argument, that the service and return were technically defective. The defendant was, in fact, as fully and really notified, as if the service was, in all respects, perfect and complete. No application was made by the defendant to the justice, to correct the erroneous judgment or set aside the default. And the question is distinctly presented, whether a defendant who has, in fact, been served, can sue out a writ of error from the District Court to have the judgment by default reversed, because of a defective service, or return without *first* seeking to have the inferior court correct its own error. Under the Revision, we think this question should be negatively answered.

The justice has power to set aside a default at any time

within six days. Rev., § 3886. "All proceedings pre-scribed for the District Court, *so far as the same are appli-cable*, and not herein changed, shall be pursued in justices' courts." Rev., § 3858. In the District Court, for such errors as the one under consideration, application must first be made in that court and denied, before the Supreme Court would reverse the judgment. This is plain under the statute, and the decisions construing and applying it. Rev., § 3545. *Pigman* v. *Denny*, 12 Iowa, 396; *Carleton* v. *Byington, infra*, and cases cited. Having in view the object of this provision, as declared by the decisions, it seems to us clear that it is just as *applicable* to proceedings before justices' courts, as to proceedings before the District Court. If so, it expressly applies (Rev., § 3858, *supra*), equally to both courts.

If a party cannot ask the Supreme Court to reverse a judgment for an error or omission to which he has never specificially called the attention of the District Court, and there asked its correction, why should he ask the latter court to reverse the judgment of a justice without pursu-ing the same course? If, in the case at bar, the defendant had applied to the justice to correct the error, it could have been done without delay, and with little or no expense. The defendant would then be in court, and the justice could have fixed an early day for the trial. Rev., § 3857.

Defendants, as our experience and observation have taught us, are but too glad to have an opportunity for technical errors to remove causes to the District Court, thereby harassing the plaintiffs and delaying the final result, and compelling them to pay the costs incurred by the honest mistakes or clerical misprisions of the justice or constable. For this bad purpose, the writ of error to a justice is too often used. If the justice refuses to correct a material error which he has committed, and which he

has the power to correct, *then* the writ of error may properly be resorted to.

The judgment of the District Court reversing the judgment of the justice, is itself reversed.

Reversed.