### JOHNSON v. DODGE.

1. Jurisdiction: ATTACHMENT. A defect in the original notice, returned not found, in a proceeding in attachment in a justice's court, does not affect the jurisdiction of the *res*.

2. ——— An omission to name the township in which the action is pending in the notices posted by the order of the court in an attachment suit before a justice, is not a fatal defect.

3. ——— This case distinguished from *Hallem* v. *Leonard*, 17 Iowa, and *Hodges* v. *Brett*, 4 G. Greene, 345.

4. Judgment: ATTACHMENT. In a suit in attachment in which no personal service has been made on the defendant, it is error to render a personal judgment.

*Appeal from Appanoose District Court.*

### THURSDAY, JUNE 22.

ATTACHMENT PROCEEDINGS BEFORE JUSTICE: REQUISITES OF ORIGINAL NOTICES, &C.: WRIT OF ERROR TO JUSTICE OF PEACE. — The plaintiff, Johnson, duly commenced an action by attachment before a justice of the

peace, against the defendant, Dodge. Judgment was rendered against the defendant by default. To reverse this judgment, the defendant sued out from the District Court a writ of error to the justice whose judgment was by that court affirmed, and the defendant now appeals to this court from the judgment of affirmance rendered by the District Court.

*Tannehill, Perry & Townsend* for the appellant.

*Amos Harris, Hendershott & Burton* for the appellee.

DILLON, J. — The questions made relate to the original and published notices of the action. Concurrently with the filing of the petition, an original notice was issued by the justice, "returnable on the 26th day of April, A. D., 1864," and stated further, "that unless you (the defendant) appear before me, a justice of the peace of Taylor township, Appanoose county, Iowa, and make defense, judgment will be rendered," &c.

2. JURIS-DICTION: attachment.

It will be perceived, that the notice, which was otherwise perfect, did not name the *hour*. It was duly returned by the constable "not found." The writ of attachment properly named the hour and place of trial, and was levied upon certain personal property.

Upon the return of "not found," the justice, under the Rev. (§ 3950), made the order therein prescribed, and fixed the time of trial for the 25th day of June, 1864, at one o'clock, P. M.

The constable duly posted the notices required by section 3951, in Taylor township. These notices named the day and hour of trial accurately, and are conceded by the defendant to be in due form, except as to the *place* of trial. They notified the defendant, among other things, "that there is now pending before F. F. Heam, a justice of the peace in and for the county of Appanoose, Iowa, a suit," &c., but did not specify or name the *township* of which he was justice.

The appellant claims that the notices required to be posted by section 3951, must contain the essential requisites of an original notice. Rev., §§ 3861, 3862. And the point is, that it does not sufficiently name the *place* (§ 3862), unless it specifically names the *township* of which the justice is an officer.

If it be granted that the posted notices must, *inter alia*, contain the material requisites of the original notice, no section of the statute has been pointed out which requires the *township* of a justice to be named in an original notice. Sections 3861 and 3862 remain as under the Code of 1851. The township is not named in the form there prescribed for an original notice. (Code of 1851, § 2520.) It is not in terms required to be named in the sections themselves. It is better to name it, but this is not so essential that its mere omission will justify a reversal. We distinguish this case from *Hodges* v. *Brett*, 3 G. Greene, 345 (correctly decided), in this, that here the original notice being returned "not found," had served its purpose, and was not the notice relied on to confer jurisdiction over the property attached.

It differs also from *Hallem* v. *Leonard*, 17 Iowa, 564, as there is here no showing that the defendant knew of the alleged errors in time to apply for their correction before the justice within the six days.

The judgment of the District Court is affirmed, except that the judgment against the defendant is to be corrected 2. JUDGMENT: attachment. so far as it authorizes a general execution for any residue after exhausting the attached property. As there was no personal service, the judgment of the justice was so far erroneous.

Costs in this court to be equally divided.

With the modification above, the judgment is

Affirmed.