SMITH v. PARKER.

Practice: WRIT OF ERROR TO JUSTICE'S COURT. A writ of error does not lie to correct an alleged error of a justice's court, in rendering judgment by default on an insufficient service, until a motion to correct the error has been made before and overruled by the justice. Following *Leonard* v. *Hallam*, 17 Iowa, 564.

*Appeal from Jasper District Court.*

WEDNESDAY, DECEMBER 22.

PLAINTIFF had judgment by default before a justice of the peace, on the 25th of July, 1868. On the 12th of August, thereafter, defendant obtained a writ of error, alleging that the original notice was not served as required by law, in that the return (service being by leaving a copy) did not show the name of the person with whom the copy was left, nor at whose house left, nor that said house was defendant's usual place of residence. Upon the coming in of the justice's return, the District Court set aside the judgment, etc. Plaintiff appeals.

*S. G. Smith pro se.*

No appearance for the appellee.

WRIGHT, J. — The court erred in setting aside the judgment. Defendant should have moved the justice to correct the alleged error before invoking the action of the District Court. Rev. § 3545. In all respects the case is like *Leonard* v. *Hallam*, 17 Iowa, 564, which must have escaped the attention of the court below. Following that, and we have no doubt of its correctness, this judgment was erroneous, and must be

Reversed.