HOLMES v. HULL ET AL.

1. **Practice in the Supreme Court:** TRANSCRIPT. Advantage can be taken of a failure to file a transcript, in the absence of an agreement to waive it, only by a motion to dismiss or affirm.

2. **Jurisdiction:** PLEADING. Where a case before a justice of the peace against several defendants had been settled by one of them before the time set for trial, and before the filing of an answer, and it had been so entered upon the docket, it was *held* to be too late after that time to file an answer and counter-claim.

*Appeal from Fayette Circuit Court.*

WEDNESDAY, April 17.

ON the 1st day of September, 1876, the plaintiff filed in the Circuit Court his petition, alleging that a judgment had been rendered against him, in favor of the defendants, by a justice of the peace, on the 14th day of August, 1876, for the sum of $100 and $6.25 costs, which had been erroneously entered, and that the justice had no power or jurisdiction to render the same. A writ of error was prayed and issued. Upon the justice filing his return thereto, a hearing was had, and the judgment of the justice affirmed, and the plaintiff appeals.

*J. W. Rogers & Son,* for appellant.

*Rickel & Clements,* for appellee.

SEEVERS, J.—I. The appellee insists that the amount in controversy is less than one hundred dollars, and as there is no certificate of the trial judge, as required in such cases by section 3173 of the Code, that this court must, as a matter of course, affirm the judgment below.

Counsel claims that the pleadings in the action before the justice must determine the amount in controversy. In this

Holmes v. Hull.

he errs. It is the pleadings in this case that must determine the amount in controversy in this proceeding. This being true, there is no difficulty, because the judgment against the plaintiff, and which he claims was rendered by the justice without jurisdiction, is for $106.25 including costs. It drew interest from the 14th day of August to the 1st day of September, and, therefore, if the costs be excluded, the amount in controversy exceeds one hundred dollars.

II. It was agreed by counsel the cause should be submitted to this court on the abstract before us, and no objec-

1. PRACTICE in the supreme court: transcript.

tions are taken as to its correctness. It was not expressly agreed that no transcript should be filed, and none has been. No motion has been made to dismiss the appeal or affirm the judgment below because of the failure to file a transcript. But it is urged in argument, for the first time, that such failure to file a transcript is fatal to a consideration of this case on the merits, and the judgment must be affirmed. In this we do not concur. The objection comes too late. Under our practice, we would not look at the transcript if one had been filed. The statute contemplates that the dismissal of the appeal, or affirmance of the judgment, shall be on motion. Had that been made, we should, under the circumstances of this case, have given the plaintiff leave to file the transcript.

III. The plaintiff commenced an action by attachment before a justice of the peace against the defendants and the

2. JURISDICTION: pleading.

cause was set for trial on the 15th day of August, 1876, the defendants being so notified as provided by law.

On the 9th day of August the plaintiff called at the office of the justice, and stated that L. A. Hall, one of the defendants, had paid his claim, and that he desired to withdraw the cause. He also paid into court the costs up to date, and the court made the following indorsement on the papers in the case: "The case settled out of court, and my fees paid, to-wit, $1.75."

On the 14th day of August the defendants filed an answer and counter-claim, in which damages for the wrongful suing out of the attachment were claimed. On this counter-claim the judgment complained of was rendered.

We are of the opinion that at the time the counter-claim was filed no action was pending before the justice, and that the filing thereof did not have the effect to bring before the justice anything to try and determine. He had no jurisdiction to render the judgment complained of.

A party may, at any time before any pleadings are filed by the defendant, dismiss his action, and the latter has no cause of complaint because he does so. This right is absolute and without conditions or restrictions. After a counter-claim has been filed, the plaintiff cannot dismiss his action, and thus prevent a trial thereon. Code, §§ 2844, 2846.

IV. After the cause was called by the justice for trial on the counter-claim, "O. W. Rogers appeared before the justice and expressed a desire to see the papers in the case, which were shown him." He then said to the justice that he had no "jurisdiction or authority to go on or try said cause." Rogers repeated such objections several times. The justice thereupon informed Rogers he would proceed with the case, and Rogers then left the justice's office. It is a controverted question whether Mr. Rogers, who is an attorney, had authority to appear for the plaintiff, but we will assume he had. We do not think there was any appearance made by Mr. Rogers. He came into the office, looked at the papers, told the justice he had no jurisdiction, and left. Taking it for granted Mr. Rogers had authority to appear for the plaintiff, he in no manner indicated he did so. For aught that appears, he was acting on his own motion, and purely as a friend of the court. The affidavits submitted to the court below satisfy us that Mr. Rogers did not intend to appear for the plaintiff, and that he did not.

V. No motion was made before the justice asking him to correct the error committed by him, and appellee insists this

is essential and should have been done before the Circuit
Court can be asked to do so.   He cites and relies on section
3168 of the Code and *Leonard v. Hallem*, 17 Iowa, 564;
*Smith v. Parker*, 28 Id., 359.   All that these two cases hold
is, that when there is a *defective* service of the original notice
such a motion is necessary.   The statute does not apply to a
case of this kind where the court had no jurisdiction.   Where
there has been an entire failure to serve any notice whatever,
the party may proceed by an original action, aided by injunc-
tion, if necessary, to have such a judgment set aside.   Having
knowledge of this judgment, however, within the time allowed
for suing out a writ of error, he was required to proceed as
he did.

REVERSED.