TAYLOR & FARLEY ORGAN Co. v. PLUMB ET AL.

1. **Justice of the Peace:** JUDGMENT IN REM: RE-TRIAL. A judgment *in rem* of a justice's court, entered upon service by publication, and without appearance by defendant, may be set aside, and the cause retried, upon proper application made within two years, under section 2877, Code. Section 3543, Code, is only applicable in cases of personal service.

*Appeal from Sioux Circuit Court.*

SATURDAY, OCTOBER 22.

IN June, 1877, the defendant, Plumb, commenced an action by attachment against the plaintiff before a justice of the peace, to recover $87. The ground of the attachment was that the plaintiff herein was a foreign corporation. There was no personal service made upon appellant, but service of the original notice was made by publication. The attachment was served by the garnishment of a third party, who was indebted

to appellant. The garnishee answered, and under the order of the justice paid his indetedness into the justice's court. Appellant, having no actual notice of the pendency of the action, was defaulted, and judgment was rendered in favor of said Plumb, and the money paid over by the garnishee was paid to Plumb in satisfaction of the judgment. The defendant, Beach, as surety, joined in the execution of the attachment bond made necessary by the proceedings.

Within two years after the judgment was rendered appellant appeared and filed a motion before said justice of the peace, asking to have said cause re-tried, and filed a bond for security for costs. The appellant was allowed to make defense, and Plumb having been duly and personally served with notice of the time and place for the hearing of said motion and retrial, the same was heard, and on the re-trial of said cause, the said judgment was set aside and judgment was rendered therein against said Plumb for costs, and an order made that he return to the appellant the money received on said judgment.

This action was brought on the attachment bond to recover the money paid over to Plumb in the attachment suit, and also for damages for fraudulently and maliciously suing out the writ when he knew that appellant was in no manner indebted to him. There was a demurrer to the petition which was sustained. Plaintiff elected to stand upon the petition, and appeals from the ruling on the demurrer.

*Argo & Kelley*, for appellant.

*J. H. Swan*, for appellee.

ROTHROCK, J.—We do not understand that counsel for appellant claimed that there was any defect of jurisdiction in the justice of the peace in entertaining the action upon service by publication and in subjecting the money attached to the payment of the judgment. The only question which appears to us necessary to be considered is, did

the justice of the peace have jurisdiction to grant a re-trial, and order the repayment of the money to the appellant? A determination of this question involves an examination of several sections of the statute, which we will proceed to do. Section 2877 provides that "where a judgment has been rendered upon service by publication only, without the appearance of the defendant, he may at any time within two years appear and move to have the action re-tried, and security for costs being given, he shall be permitted to defend." This provision appears to be applicable to judgments in the District and Circuit Courts. At least it may be said that this section does not of itself authorize a judgment rendered by a justice of the peace upon service by publication to be re-tried within two years. But by section 3516 it is provided that "the parties to the action (before a justice of the peace) may be the same as in the Circuit Court, and all the proceedings prescribed for that court, so far as the same are applicable and not herein changed shall be pursued in justice's court." Now if there is no section of the Code providing for the re-trial of an action before a justice of the peace where service has been had by publication, and the defendant did not appear, it would seem to follow that a re-trial should be allowed within two years under section 2877. If all the proceedings prescribed for the Circuit Court may be had in the justice's court, of course, a motion for a re-trial within the prescribed time may be made, and a re-trial had. Such a proceeding cannot be said to be inapplicable to suits in a justice's court. But it is claimed that section 3543 provides how and in what time all judgments in justice's courts may be set aside. It is in these words: "judgment dismissing the cause, or by default, may be set aside by the justice at any time within six days after being rendered, if the party applying therefor can show a satisfactory excuse."

A careful examination of this provision in connection with the sections before cited, together with the sections of the statute authorizing new trials in the district and Circuit Courts,

when judgments by default are rendered upon personal services, lead us to the conclusion that section 3543 is only applicable when there has been personal service. It will be observed that section 2877 does not designate a judgment on service by publication as a judgment by default. It is not in fact a personal judgment unless there be an appearance. Under that section a party defendant has the right to appear and demand a re-trial without showing any excuse, satisfactory or otherwise. It surely ought not be held that because controversies in justice's courts are less important than in courts of record that what would be regarded as a matter of right in one court should be denied or abridged in another, unless the law so expressly provides. It is true that the manner of acquiring jurisdiction of the property of the defendant upon service by publication differs in the justice's court, but the force and effect of the judgment is the same. If rendered without the appearance of the defendant it is but a judgment *in rem.* *Johnson v. Dodge,* 19 Iowa, 106.

While we are free to admit the question is not devoid of difficulty, we think the construction we adopt is one fairly warranted, and accords more nearly with the law, which aims to do justice and give every person a reasonable opportunity to protect his rights.

REVERSED.